### CAUSEY *vs.* THE STATE OF GEORGIA.

When one takes property under a fair claim of right, it is not larceny; and the publicity of the taking is very powerful evidence to establish the *bona fides* of the claim of right. (Rep.)

(a) Where one went to a milk-wagon, of which he had formerly been the driver, while it was standing in a public street, took from it a bell, rang it loudly for sometime, and upon the non-appearance of the driver, left word with a bystander that he had taken his bell, and where it appeared that he had bought the bell pending his employment as driver, and upon his discharge had left it, and his successor had used it, a verdict finding him guilty of larceny was not sustained by the evidence, although there was testimony that the former employer of the defendant had accounted to him for the value of the bell in a settlement had between them, but which the defendant denied. (Rep.)

January 30, 1888.

Criminal Law. Larceny. Verdict. Before Judge HARRIS. City Court of Macon. January Term, 1887.

Reported in the decision.

STEED & WIMBERLY, for plaintiff in error.

J. L. HARDEMAN, solicitor-general, for the State.

BLECKLEY, Chief Justice.

Causey was tried for stealing a bell. He had been driving a milk-wagon for Mr. Gunn, in the city of Macon, and had bought a bell to be used in warning or attracting customers; and upon being discharged by Mr. Gunn, had left his bell. He found other employment, and Mr. Gunn engaged a successor to him in driving the milk-wagon, and the bell was turned over to his successor, who used it for sometime. On one occasion, he left his wagon in a public street in Macon, and Causey went to the wagon to get his bell. Not finding the driver there, he took up the bell and rang it loudly for sometime, perhaps a minute. No one came, and Causey turned to a bystander whom he knew (there were several persons present) and requested him to tell the driver when he came that he had taken his bell. The message was not delivered, because the person to whom it was committed failed to remember it; and the new driver prosecuted Causey for stealing the bell. He was tried in the city court without a jury; the judge found him guilty and sentenced him to a punishment for the offence as a misdemeanor. He made a motion for a new trial, on the ground that the conviction was contrary to law and without sufficient evidence; and the motion was denied.

In the argument of the case here, the solicitor-general representing the State conceded that a new trial ought to be granted, and we agree with him that, taking all the facts and circumstances together, there is a fair presumption that Causey acted under a *bona fide* claim of right.

The evidence was pretty decided that he had left the bell as the property of Mr. Gunn, his employer, and that Mr. Gunn had accounted to him for the purchase of the bell in settling their accounts for milk money. The real question was, whether that accounting took place. Causey, at the trial, had a book kept in his way, in which he stated he entered his receipts and payments, and he submitted that book. It seems not to have been very intelli-

gible, and doubtless it was his unfortunate manner of keeping books that disabled him from replying to this evidence. It was very likely that the witness, Mr. Gunn, thought that the bell had been accounted for, and indeed if he was a truthful man, he did (and we assume that he was)·; but he was probably mistaken, and the circumstances under which the bell was taken tend very strongly to show that he was mistaken, and this book, if it could have been made available to this man, would have indicated the good faith of his claim of right. The authorities are abundant that, when one takes property under a fair claim of right, it is not larceny; and the publicity of the taking is very powerful evidence to establish the *bona fides* of the claim of right. There could hardly have been greater publicity, because this was done in an open street, near the heart of the city, as we would infer from the evidence, and the ringing of the bell was loud enough to be heard in adjacent streets; so the witnesses testified. It seems he made a sort of bell ringing proclamation that he was about to resume his ancient possession, and seemed to desire it to be known and observed of all men; and that is a very strong circumstance in favor of the man's innocence. In addition to this, he proved a good character for honesty and integrity. He appears, from this record, to be a man of excellent standing for a colored man; and it is very probable that he is innocent of the crime of larceny; and we reverse the judgment and direct that the case be tried again.

As to claim of right, see 1 Hale P. C. 509; 2 Russ. Cr. 163; 2 Arch. Cr. Pl. & Pr. 1183; 1 Whar. Cr. L. 884; 1 Bish. Cr. L. §884; 1 Bish. Cr. L. §297; 2 *Id.* §851.

As to open taking, see 1 Hale P. C. 509; 2 Russell on Cr. 158; 2 East's P. C. 661; 2 Bishop's Cr. Law, §842, n. 1; 2 Archbold's Cr. Pl. & Pr. 1183, n. 1.

Judgment reversed.