GLENS FALLS INSURANCE COMPANY, Plaintiff, *v.* VIRGIL A. STEWART, Defendant.

Supreme Court, New York County, May 28, 1926.

**Insurance — automobile theft insurance — action by insurance carrier to recover amount paid on automobile theft policy — evidence shows defendant's wife appropriated automobile under claim of right — taking not theft within meaning of policy — plaintiff entitled to recover.**

Plaintiff, an insurance carrier, which insured the defendant against theft, robbery or pilferage of his automobile, is entitled to recover the amount of the policy paid the defendant under receipt reciting that it was a loan, repayable out of any recovery " on account of loss by theft " of defendant's automobile, where the evidence shows that while defendant and his wife were living apart, the latter found the automobile standing in front of a garage, appropriated it and took it away under a claim of right, since it is fairly inferable from the evidence that defendant's wife in good faith claimed the automobile, and there was nothing to show that a felonious intent accompanied the taking.

The appropriation of the automobile under such circumstances was never fairly intended to be covered by insurance against theft, robbery or pilferage.

ACTION by insurance company to recover amount paid on automobile theft policy on the ground that the automobile was taken by the insured's wife under a claim of right.

*Clarence De Witt Rogers,* for the plaintiff.

*Roswell S. Nichols [Solomon Traub* of counsel], for the defendant.

PROSKAUER, J.   Plaintiff insured defendant against theft, robbery or pilferage of his automobile under a valued policy. Defendant separated from his wife. While they were living apart the wife found the automobile standing in front of a garage, appropriated and took it away. The defendant claimed for the loss under the policy. The evidence does not show at this time or at the time of the payment to the defendant hereafter referred to that either the plaintiff or the defendant knew that the wife had thus taken the automobile. The insurance company thereupon paid the amount of the policy to the defendant under a receipt reciting that it was a loan, repayable out of any recovery " on account of loss by theft of my automobile." Upon ascertaining that the wife had thus taken the automobile plaintiff brought this suit to recover the payment upon the ground that the automobile had never in fact been stolen. Plaintiff's claim that the automobile had been given to the wife is not sustained by the evidence. It is fairly inferable from the evidence, however, that she in good faith claimed it and that there was no felonious intent in the taking. (*Rush* v. *Boston Ins. Co.,* 88 Misc. 48; *People ex rel. Perkins* v.

23

*Moss*, 187 N. Y. 410, 419; *Bigus* v. *Pacific Coast Cas. Co.*, 145 Mo. App. 170; *McCourt* v. *People*, 64 N. Y. 583, 586.)

The real question is the interpretation of the contract. An incident such as here occurred was never fairly intended to be covered by insurance against " theft, robbery or pilferage." In the words of CARDOZO, J., in *Van Vechten* v. *American E. F. Ins. Co.* (239 N. Y. 303, 305, 307): " The problem before us is not one of statutory construction. It is one of the meaning of a contract. * * * Theft under this contract is theft as common thought and common speech would now image and describe it."

It was never intended by this policy to indemnify against the taking of an automobile by the insured's wife under a claim of right.

I direct a verdict for the plaintiff for $2,000, with interest from February 2, 1922.