32258. NEWSOME *v*. THE STATE.

DECIDED DECEMBER 3, 1948. REHEARING DENIED DECEMBER 15, 1948.

334

M. G. Neville, W. C. Hawkins, for plaintiff in error.
Fred T. Lanier, Solicitor-General, contra.

TOWNSEND, J. (After stating the foregoing facts.) ■ Special ground 1 complains that the trial court erred in failing to charge the jury without request on the theory of the accused to the effect that, on the occasion in question, if the defendant was acting as agent for his son-in-law and hauling hogs for him which he believed to be the property of his son-in-law, he would not be guilty of the offense charged in the indictment.

The trial judge charged the jury to the effect that the grand jury had returned a true bill of indictment against the defendant, in which he was charged with the offense of simple larceny, that is, hog stealing; and that to this charge the defendant had entered a plea of not guilty; and that the charge and the plea constituted the issue which the jury was called upon to try. In the absence of a request, this is a sufficient charge as to the contentions of the parties. See Parks v. State, 24 Ga. App. 243 (100 S. E. 724). It is contended, however, that by this omission the judge failed to instruct the jury as to the defense of the accused. He charged fully on reasonable doubt, the presumption of innocence, and circumstantial evidence. He also charged the jury on the necessity for criminal intent on the part of the defendant. Considering the charge as a whole, it was not error, in the absence of request, to fail to charge more fully on the

theory of the defense that the accused was acting as agent for his son-in-law in hauling hogs on the occasion when he was charged with hog stealing. This ground of the amended motion for new trial fails to show reversible error.

■ Special ground 2 contends that the trial judge erred in failing to define in his charge the offense of simple larceny. The judge read to the jury the section of the Code designating hog stealing as simple larceny and also the Code section prescribing the punishment for this offense. The indictment fully charges the crime of simple larceny as to all its elements, and the judge instructed the jury with reference to the *offense charged in the bill of indictment*. In *Carter* v. *State*, 171 *Ga.* 406, 414 (5) (155 S. E. 670), the following was held: "The judge charged the jury as follows: 'Now, if you find and believe that the defendant did, in this county, at any time prior to the filing of this indictment, with the weapon named in this bill of indictment, and with malice aforethought, either express or implied, kill Mary Austin, as charged in this indictment, then you would be authorized and it would be your duty to convict the defendant of the offense of murder.' The exceptions are that this instruction is not the law; that one may slay another with malice and not be guilty of murder; that said charge was practically a direction by the court to the jury to find the defendant guilty of murder; and that the court should have charged in connection therewith that the defendant would be guilty only in the absence of mitigating circumstances or justification. . . If the instruction complained of had informed the jury that they should convict the accused if he killed the deceased with malice, and had gone no further, such instruction would have been open to the attack made upon it; but the judge went further and told the jury that if the defendant with malice aforethought killed the deceased 'as charged in the indictment,' then it would be their duty to convict the defendant of murder. The indictment charged that the defendant unlawfully, feloniously, and with malice aforethought killed the deceased. The charge complained of in effect instructed the jury that if the killing was unlawful, felonious, and with malice, they should 'find the defendant guilty of murder,' but did not tell the jury that they should convict him if the proof showed only

malicious killing. One can not kill another unlawfully, feloniously, and maliciously and not be guilty of murder. Taken as a whole, this instruction amounted to this, and no more, so was not open to the above grounds of exception taken." In view of the principle of law laid down in the *Carter* case, and taking into consideration the whole charge of the court in the instant case, the crime of simple larceny was, in the absence of request, sufficiently defined.

■ Where the verdict is supported by some evidence, as here, and is approved by the trial court, this court is without authority to interfere. See many cases cited under catchword "Approval," Code (Ann.) § 70-202.

*Judgment affirmed. MacIntyre, P. J., and Gardner, J., concur.*