## 34199.  WALKER *v.* THE STATE.

DECIDED OCTOBER 1, 1952.

■

*Leon A. Wilson II, Herbert W. Wilson,* for plaintiff in error.
*J. R. Walker, Solicitor-General, Kopp & Peavy,* contra.

GARDNER, P. J. ■ In special grounds 1 and 2 of his motion for a new trial the defendant, Ward Walker, assigns error on the admission by the court, over his objection, of his former conviction for hog stealing, same being the judgment of conviction in the case of the State *v.* Ward Walker and others at the February term, 1935, of Atkinson Superior Court, and on the court's refusal to grant a mistrial. The defendant objected to this record of a former conviction as soon as offered, and when the court permitted ·the same in evidence the defendant moved for a mistrial. The defendant contends that the same put his character in evidence, when he had not offered proof of his good character, and that such evidence of a former offense was harmful and prejudicial. The court overruled his objection to this evidence and also denied his motion for mistrial. The defendant had not put his character in issue in this case. The trial court stated in overruling his motion for mistrial that the defendant had put his character in issue. The solicitor stated before the court that the defendant had tendered his discharge from the army and said he was a man of good reputation. It is true that the defendant, on the stand, had prefaced his statement by saying, "All I know I want to tell you is that I have spent four years in the service and I was discharged for my nerves. You might think I am afraid, or something like that, but I am not. My nerves are just bad." At the time, the defendant had some papers in his hands which it might have been inferred were his discharge papers. An examination of the record fails to disclose that the defendant formally introduced his army discharge. Certainly the defendant made no effort to show his good character. His statement to the jury contained no such indication. It is our opinion that the action of the court in admitting the record of his former conviction and in

overruling his motion for mistrial was error. "The general character of the parties, and especially their conduct in other transactions, are irrelevant matter, unless the nature of the action involves such character and renders necessary or proper the investigation of such conduct." Code, § 38-202. The case at bar presents a clear-cut case of a violation of the principle laid down in this Code provision. The case did not fall under the exception that such previous conduct and general character are admissible where the nature of the action involves such character and renders necessary or proper the investigation of such conduct. For a discussion of this subject see *Frank v. State,* 141 *Ga.* 243 (80 S. E. 1016); *Cox v. State,* 165 *Ga.* 145 (139 S. E. 861); *Wilson v. State,* 173 *Ga.* 275, 284 (160 S. E. 319); *Dorsey v. State,* 204 *Ga.* 345, 350 (49 S. E. 2d, 886). Where there has been a flagrant violation of this rule and where the fact that the defendant had previously been convicted of a similar offense has been erroneously placed before the jury in a manner such as here, the grant of a mistrial is proper and required. The court should have granted the motion of the defendant. The Supreme Court in the recent case of *Bacon v. State,* 209 *Ga.* 261 (71 S. E. 2d, 615), held that where "on a prosecution for a particular crime, evidence which in any manner shows or tends to show that the accused has committed another crime wholly distinct, independent, and separate from that for which he is on trial, even though it be a crime of the same sort, is irrelevant and inadmissible unless there be shown some logical connection between the two from which it can be said that proof of the one tends to establish the other." In the opinion the court said, "It is a fundamental principle in our system of jurisprudence, intended to protect the individual who is charged with crime, and to insure him of a fair and impartial trial before an unbiased jury, that the general character of the defendant and his conduct in other transactions is irrelevant unless the defendant chooses to put his character in issue." *Bacon v. State,* supra, citing Code §§ 38-201, 38-202; *Green v. State,* 172 *Ga.* 635 (158 S. E. 285); *Hunter v. State,* 188 *Ga.* 215 (3 S. E. 2d, 729). Reference is also made to *Cawthon v. State,* 119 *Ga.* 395 (46 S. E. 897). We think that the reference of the defendant to his discharge on account of a nervous condition was an effort

on his part to explain to the jury his nervous condition on the stand, and to explain that the nervous condition did not stem from consciousness of guilt of the crime for which he was accused. We think this is a fairer inference than an inference that he had never committed a crime before. It follows that the trial judge erred in the admission of the former conviction of the defendant, and that furthermore, he should have granted the motion for mistrial.

■ Error is assigned in special ground 3 of the motion for a new trial on the failure of the court to give in charge to the jury the legal definition of the offense of simple larceny. There was no request to so charge. This court in *Newsome v. State*, 78 *Ga. App.* 332 (50 S. E. 2d, 828), ruled: "The trial judge read to the jury in his charge the section of the Code designating hog stealing as simple larceny, and also the Code section prescribing the punishment for this offense. The indictment fully charges the crime of simple larceny as to all its elements, and the judge instructed the jury with reference to *the offense charged in the bill of indictment*. This was in the instant case, in the absence of a request, a sufficient definition of the crime." Applying this ruling to the facts in the case now before this court, no error requiring a new trial appears in this ground.

■ In special ground 4 the defendant assigns as error the failure of the court to charge the defendant's contention that he took the hogs under a bona fide claim of right and that the title to the hogs was in him, this being the sole and only contention of the defendant by way of defense to the charge. There was no request to so charge. There was evidence from which the jury might have determined that the defendant took the hogs under a bona fide belief and claim that they belonged to him. The defendant made this defense in his statement. We think that it was obligatory for the court, even without a request, to have charged this principle of law to the jury. This court in *Brown v. State*, 51 *Ga. App.* 52 (179 S. E. 594) held as follows: "The accused was convicted of carrying away, with intent to steal, one barrel of pine gum of the value of five dollars. The accused, in his statement to the jury, admitted carrying away and selling the gum, but contended that under his contract with the prosecutor he had the right to take and sell

it, or at least he honestly so believed, and his contention was supported by some of the evidence adduced, and by the circumstances of the transaction, the taking and selling having been done openly and in the daytime. Under all the facts of the case the court erred in omitting to instruct the jury, without request, upon the defense set up by the accused, and in failing to submit to them in that connection the question whether the defendant, in carrying away the gum, had the intent to steal it." See also *Smith v. State*, 109 *Ga.* 479 (3) (35 S. E. 59); *Glaze v. State*, 2 *Ga. App.* 704 (2, 3) (58 S. E. 1126); *Moyers v. State*, 186 *Ga.* 446 (197 S. E. 846, 116 A.L.R. 981). "One cannot ordinarily be guilty of stealing his own property. The rule has been stated as follows: 'If one in good faith takes the property of another, believing it to be legally his own, or that he has a legal right to its possession, he is not guilty of larceny,' 36 C. J. 764, § 105. And, 'If one in good faith takes the property of another, believing it to be his own or that he has a right to its possession, though his claim is unfounded, he is not guilty of larceny, because there is no felonious intent to deprive another of his property.' . . Our courts, in a long line of decisions, have held that the taking of property under a fair claim of right does not constitute larceny." *Moyers v. State*, supra. Also see *Causey v. State*, 79 *Ga.* 564 (5 S. E. 121); *Lee v. State*, 102 *Ga.* 221 (29 S. E. 264); *James v. State*, 114 *Ga.* 96 (39 S. E. 946); *Smith v. State*, 11 *Ga. App.* 385 (75 S. E. 447); *Musgrove v. State*, 5 *Ga. App.* 467 (63 S. E. 538). It follows that the court committed reversible error in not charging this defense of the defendant, even though the charge was not duly requested.

■ Because of the errors set forth in the first and third divisions of this opinion a new trial is granted, and the sufficiency of the evidence to support a verdict against the defendant will not be passed upon. The evidence will not necessarily be the same upon another trial. Therefore, the general grounds of the motion for a new trial are not dealt with.

■ On account of the errors dealt with in the first and third divisions of this opinion, the trial judge erred in overruling the defendant's motion for a new trial.

*Judgment reversed. Townsend and Carlisle, JJ., concur.*