38576. SOUTH CAROLINA INSURANCE COMPANY v. JACKSON.

DECIDED JANUARY 5, 1961.

4

*Smith, Field, Ringel, Martin & Carr, Palmer H. Ansley, H. A. Stephens, Jr., Charles Drew,* for plaintiff in error.
*Murphy & Murphy, Thomas B. Murphy,* contra.

FELTON, Chief Judge. There is here only one question to be answered, i. e., whether the taking of the motorcycle covered by the policy of insurance was done by theft, larceny, robbery or pilferage under the terms of the insurance contract or whether it was taken under a claim of right by Hunt. Our interpretation of the policy is that if Hunt took the motorcycle with the intent to steal it, the plaintiff could recover. If Hunt did not so take the motorcycle, the plaintiff could not recover under the policy of insurance. Simple larceny is the wrongful and fraudulent taking and carrying away, by any person, of the personal goods of another, with intent to steal the same. *Code* § 26-2602. The other crimes named include stealing. The issue then is whether or not Hunt "intended" to steal the motorcycle. The evidence adduced at the trial indicates that Harris and Kinney concluded from statements made to them that Hunt desired to eliminate himself as a party in interest to the motorcycle and to the debt at the bank. Hunt's testimony is contradictory of theirs. The evidence is clear that Hunt did take the motorcycle and chain it in plain view to a tree in the front yard of his residence a mere block away from the point of taking. The police officer discovering the vehicle left the parties in statu quo and left the motorcycle chained to the tree. "If one, in good faith, takes the property of another, believing it to be legally his own, or that he has a legal right to its possession, he is not guilty of larceny." 36 C. J. 764, § 105. Even though the claim of the taker is unfounded, he is not guilty of larceny due to the lack of felonious intent. *Walker v. State*, 86 Ga. App. 875 (72 S. E. 2d 774). While this is not a criminal case, the following principles of criminal law must bear on our decision. (a) The proceeds of the insurance contract are collectible only if there has been a "loss caused by theft, larceny, robbery or pilferage." (b) Intention to commit one of the specified crimes must be present. (c) Hunt must have possessed the intention or the jury must have determined by the evidence that he did intend to steal the motorcycle to justify their verdict. On the contrary, if the absence of intention to steal was demanded by the evidence it was not within the province of the jury to determine that that intention did exist. "When one takes property under a fair claim of

right, it is not larceny." *Causey v. State*, 79 Ga. 564 (5 S. E. 121, 11 Am. St. Rep. 447). It is interesting to note in the *Causey* case in which Causey's conviction for larceny was reversed, that Causey had taken a bell, which he considered to belong to him, off of a milk wagon. The driver was absent from the wagon and Causey, who "seemed to desire it to be known and observed by all men," rang the bell for nearly a minute and before departing told a bystander to inform the driver that he had taken the bell. Hunt, who "seemed to desire it to be known and observed by all men" that he had a claim to and did take the motorcycle, chained it in open view. The circumstances of the nature of the taking by Hunt require the conclusion that there was no intent to steal, and the court erred in overruling the motion for a judgment notwithstanding the verdict.

*Judgment reversed with direction. Nichols and Bell, JJ., concur.*