73858. CINCINNATI INSURANCE COMPANY v. TIRE MASTER OF THOMASTON, INC.
(357 SE2d 812)

BANKE, Presiding Judge.

The appellee, Tire Master of Thomaston, Inc., brought this action against the appellant, its motor vehicle insurance carrier, seeking reimbursement for the alleged theft of an automobile. The insurer denied the claim, contending that the automobile had not been stolen but had instead been repossessed. This appeal is from the trial court's grant of partial summary judgment to Tire Master on the issue of whether the loss was covered by the theft provisions of the policy.

The salient facts are not in dispute. The automobile, a 1984 Mercedes, was owned by Sunbelt, Ltd., a Florida car dealer which, while retaining title to the vehicle, had placed it in the possession of Mercedes Exchange, Inc., an Atlanta used-car dealer, for sale on consignment. Tire Master's president, Scott Blackstock, had then purchased the car from Mercedes Exchange on behalf of Tire Master for $24,000, with the understanding that he would be forwarded the completed title documents within a few weeks. Although the entire purchase price was paid to Mercedes Exchange by Tire Master at the time of the purchase, none of this money was ever forwarded to Sunbelt, Ltd. Consequently, upon learning about the transaction and determining the whereabouts of the vehicle, Sunbelt arranged for its repossession. The car was taken from a parking place near a business establishment operated by Blackstock's wife in Monroe County, Georgia, without her permission or knowledge, and was then delivered to Sunbelt.

Prior to the repossession, Blackstock had been apprised both of Sunbelt's interest in the automobile and of the fact that Sunbelt had not been paid for that interest. Indeed, upon discovering that the car

was missing, Blackstock immediately telephoned both Sunbelt, Ltd., and Mercedes Exchange, Inc., in a vain attempt to discover its whereabouts, while simultaneously reporting to local police authorities and to his insurance agent that the car had been stolen.

In addition to granting partial summary judgment to Tire Master on the issue of whether the loss was covered by the theft provisions of the policy, the trial court denied a motion for summary judgment filed by the appellant insurer. Although both Sunbelt, Ltd., and Mercedes Exchange, Inc., were joined by the insurer as third-party defendants, neither is a party to this appeal. *Held*:

The appellant insurer contends that the evidence establishes without dispute that the taking was effected under a claim of right, with the result that it cannot be considered a theft. As support for this contention, the appellant relies upon *South Car. Ins. Co. v. Jackson*, 103 Ga. App. 3 (117 SE2d 878) (1961), involving a factually similar suit against an insurer to recover for the alleged theft of a motorcycle which had been repossessed. There, the person who had repossessed the vehicle had chained it to a tree in plain view in his own front yard less than a block away from the point of the taking. Under such circumstances, this court held that the taking could not be considered the product of criminal intent and that the insurer consequently could not be required to reimburse the insured for it under the theft provisions of the policy. The appellee, on the other hand, relies on the subsequent case of *Hartford Fire Ins. Co. v. Lewis*, 112 Ga. App. 1 (143 SE2d 556) (1965), wherein a contrary result was reached based upon the perceived factual distinction that the repossession had been effected clandestinely rather than openly. Upon further consideration, we are not convinced that the degree of stealth used in effecting a repossession is, as suggested in *Lewis*, dispositive of the issue of whether the taking was effected under an honest claim of right.

"Automobile theft insurance is universally viewed as furnishing protection only against losses arising from criminal takings of the insured vehicle. Consequently, it is held that there can be no recovery under such a policy for a loss asserted to amount to a theft in the absence of proof of the existence of a felonious intent on the part of the taker." Annot: "What Amounts to Theft, Robbery or Pilferage Within Automobile Theft Policy," 48 ALR2d 8, § 9, p. 21. See *Executive Auto Leasing v. Guaranty Nat. Ins. Co.*, 170 Ga. App. 860, 861 (318 SE2d 733) (1984). One who takes under a fair claim of right does not commit larceny or theft. See generally OCGA § 16-8-10 (2); *Lee v. State*, 102 Ga. 221, (29 SE 264) (1897); *Walker v. State*, 86 Ga. App. 875 (3) (72 SE2d 774) (1952).

The evidence in the present case establishes without dispute that the insured's automobile was taken by the actual holder of the title

thereto under a bona fide claim of right. Under such circumstances, regardless of whether the taking occurred openly or surreptitiously and regardless of whether the appellee is ultimately adjudged to be entitled to damages as a result of it, it clearly cannot be considered compensable as a theft under the terms of the insurance policy issued to the appellee by the appellant. Accordingly, we hold that the trial court erred in granting summary judgment to the appellee and in denying summary judgment to the appellant on this issue. To the extent that a contrary holding would otherwise be required by *Hartford Fire Ins. Co. v. Lewis*, supra, that decision is hereby overruled.

*Judgment reversed. Birdsong, C. J., Deen, P. J., Carley, Sognier, Pope, Benham, and Beasley, JJ., concur. McMurray, P. J., disqualified.*

DECIDED APRIL 29, 1987 —
REHEARING DENIED MAY 26, 1987 — 

*John C. Parker, Tash J. Van Dora*, for appellant.
*William H. Major, Neal H. Ray*, for appellee.