A91A2161. CANAL INSURANCE COMPANY v. WILKES SUPPLY COMPANY, INC.
(416 SE2d 105)

Birdsong, Presiding Judge.

Canal Insurance Company appeals a judgment in favor of Wilkes Supply Company, Inc., in an action to collect on a Canal policy for the theft of five vans. The judgment incorporates a jury verdict awarding Wilkes compensatory damages, a statutory penalty and attorney fees. Canal alleges the trial court erred by denying its motion for summary judgment and its motions for a directed verdict. The thrust of Canal's argument is that Wilkes was not entitled to recover under the theft coverage of the policy because the vans were not stolen from Wilkes' possession, and that recovery of penalties and attorney fees was not authorized. *Held:*

1. Canal's enumeration alleging error in the denial of its motion

for summary judgment is moot because of the subsequent entry of a verdict and judgment based on evidence introduced during the trial. *Seabolt v. Cincinnati Ins. Co.*, 199 Ga. App. 715, 716 (405 SE2d 757); *Hardaway Constructors v. Browning*, 176 Ga. App. 530 (336 SE2d 579).

2. Canal alleges the trial court erred by denying its motion for a directed verdict because Wilkes did not prove that there was a theft or that Wilkes ever held the vans; and contends further that because of the close issue on liability, bad faith penalties were not authorized as a matter of law.

When determining whether a trial court erred by denying a motion for a directed verdict, this court reviews and resolves the evidence and any doubts or ambiguities in favor of the verdict. A directed verdict is not authorized unless there is no conflict in the evidence on any material issue and the evidence introduced, with all reasonable deductions demands a certain verdict. OCGA § 9-11-50 (a); *Southern Store &c. Co. v. Maddox*, 195 Ga. App. 2, 3 (392 SE2d 268).

Viewed in this manner, the evidence shows Wilkes was in the business of buying automobiles from other dealers and at auctions for resale. At an auction in Florida, Wilkes arranged to buy five vans from Lombardy, a dealer with whom he satisfactorily had done business with two weeks earlier. Lombardy wanted to sell certain vans he had in Ohio, and Wilkes agreed to buy the vans and was given what was purported to be "spec sheets" and Ohio title certificates for the vans. They agreed Wilkes would return to Georgia and wire the purchase price to Lombardy's bank in Florida, and Lombardy would ship the vans from Ohio to Wilkes. After Wilkes returned to Georgia, he electronically transferred the funds as he agreed, but Wilkes never received the vans and the evidence does not disclose what happened to them.

Canal contends that this evidence shows Wilkes is not entitled to recover under the policy because Wilkes did not prove that it ever held or had possession of the vans or that the vans were stolen. Wilkes contends, however, that the evidence shows he owned or possessed the vans because he had the Ohio title certificates and he had these titles converted to Georgia titles.

The insurance policy states that Canal will pay for loss to covered automobiles caused by theft, and defines a "covered automobile" as one held by Wilkes for sale. The questions presented are whether the vans were covered vehicles and whether the loss was caused by theft.

Pretermitting whether Wilkes possessed or held the vans is whether Wilkes proved a loss of the vans within the theft coverage. To be compensable the loss must have been covered.

Insurance contracts are governed by the rules of construction ap-

plicable to other contracts (*United States Fire Ins. Co. v. Capital Ford &c.*, 257 Ga. 77, 78-79 (355 SE2d 428)), and words in the policy must be given their usual and common signification and customary meaning. OCGA § 13-2-2 (2); *Griffin v. Adams*, 175 Ga. App. 715, 716 (334 SE2d 42). Further, this policy is not ambiguous. Ambiguity in a policy is " 'duplicity, indistinctness, an uncertainty of meaning or expression.' " *Tarbutton v. Duggan*, 45 Ga. App. 31 (5) (163 SE 298).

The applicable portion of the policy states: "The company will pay for loss to covered automobiles under . . . COVERAGE Q. FIRE, THEFT AND SUPPLEMENTAL—caused by . . . (d) theft or larceny. . . ." Additionally, the policy has a page entitled "IMPORTANT NOTICE TO THE INSURED" that includes the following notice: "THEFT does not include larceny after trust or trick or device or false pretense. If you voluntarily part with a car for any reason, it is not theft."

In common usage, "theft" includes the concept of wrongful taking or stealing. See, e.g., "1 (a): the act of stealing . . . the felonious taking and removing of personal property with intent to deprive the rightful owner of it (b): an instance of such an act (2): the taking of proper y unlawfully" (Webster's Third Intl. Dictionary), or "the act of stealing; the wrongful taking and carrying away of the personal goods or property of another; larceny." Webster's Encyclopedia Unabridged Dictionary. In particular, theft or larceny includes no concept of mysterious disappearance or broken promise or false pretense. Underscoring this delineation is the fact that the policy had a specific coverage for false pretenses, which Wilkes intentionally rejected, and contained the notice to policyholder quoted above. Further, vehicle theft coverage provides protection for criminal taking of the vehicles with larcenous intent. *Cincinnati Ins. Co. v. Tire Master of Thomaston*, 183 Ga. App. 64, 65 (357 SE2d 812); *Executive Auto Leasing v. Guaranty Nat. Ins. Co.*, 170 Ga. App. 860 (318 SE2d 733).

The evidence presented did not establish that the vans were stolen, i.e., wrongfully taken from Wilkes' possession. The only competent evidence presented merely proved that after Wilkes wired the money, the vans never arrived. Although Wilkes sought to rely on statements from Lombardy's truck driver to Wilkes that the trucks were shipped, these statements were properly excluded as hearsay, which in any event is not competent evidence. *Higgins v. Trentham*, 186 Ga. 264 (197 SE 862). Thus, the record is silent on what may have happened to the vans as neither Lombardy, the truck driver, nor any person who claimed to know personally what happened to the vans testified. In the absence of such proof, a claim under the theft coverage must fail.

Accordingly, the trial court erred by denying Canal's motion for a directed verdict on its liability to Wilkes under the policy.

3. In view of Division 2, Wilkes was not entitled to bad faith penalties and attorney fees.

*Judgment reversed with direction for the trial court to enter judgment granting appellant's motion for a directed verdict. Pope and Cooper, JJ., concur.*

DECIDED FEBRUARY 11, 1992 —
RECONSIDERATION DENIED FEBRUARY 24, 1992 —

*Crim & Bassler, Harry W. Bassler*, for appellant.
*Edward W. Clary*, for appellee.