DECISION
{¶ 1} On June 25, 2002, plaintiff-appellee, Vince Tolson, filed two actions in the Franklin County Court of Common Pleas. One action was filed against Triangle Real Estate ("Triangle"), seeking damages for the conversion of Tolson's belongings. The second action was filed against defendant-appellant, American Family Insurance Company, seeking damages for breach of contract, vandalism and bad faith, arising from the same facts as the case involving Triangle.
 {¶ 2} On June 5, 2003, Triangle's motion for summary judgment was granted as to all of Tolson's claims and this court affirmed the decision in Tolson v. Triangle Real Estate, Franklin App. No. 03AP-715, 2004-Ohio-2640. This action proceeded to trial and, at the conclusion of Tolson's case, appellant sought a directed verdict on the issues of collateral estoppel, theft, vandalism and bad faith, and the trial court granted the motion as to the vandalism claim but denied the motion as to the remaining claims.
 {¶ 3} At the conclusion of appellant's case, appellant renewed the motion for directed verdict, which was denied. The jury returned a verdict for $18,000 in Tolson's favor for breach of contract. Appellant sought remittitur and/or a new trial, which was denied.
 {¶ 4} Appellant filed a notice of appeal and raises the following assignments of error:
I. The trial court erred in failing to grant defendant-appellant's motion for a directed verdict as to the issue of collateral estoppel.
II. The trial court erred in failing to grant defendantappellant's motion for a directed verdict as to the issue of theft.
III. The trial court erred in permitting Mr. Tolson to testify as to the value of items he deemed to be priceless.
IV. The trial court erred in failing to grant appellant's motion for remittitur.
 {¶ 5} At the trial, Tolson testified that he rented an apartment and garage from Triangle for years but decided to move. In June 2001, he had to remove his belongings from the apartment rented from Triangle before he could move into the new apartment, so he stored the belongings in the garage that he continued to rent. (Tr. 5.) On July 14, 2001, he went to the garage to remove some items and the lock had been changed, however, the door was ajar. When Tolson opened the door, he discovered that all of his belongings had been removed. (Tr. 18.) He contacted Sara Axline, the assistant manager of the apartments, who informed him that his garage had been cleaned out by mistake. Axline testified that Triangle hired Dingess Sons Hauling to clean and empty garages that were past due on rent. Although Tolson was late in paying rent, his garage should not have been cleaned out for another 30 days. (Tr. 73.) His garage was located in a set of three garages and was mistakenly cleaned out with the other two. (Tr. 70.) Axline immediately contacted Dingess Sons to retrieve the property but other than a pair of speakers, the property could not be retrieved. (Tr. 70-71.) Tolson contacted appellant, his insurance company, to report the loss and file a claim. Appellant denied the claim, finding this loss did not qualify as a theft and was not covered by the policy.
 {¶ 6} We shall address the second assignment of error first as it is dispositive of the other assignments of error. By the second assignment of error, appellant contends that the trial court erred in failing to grant appellant's motion for a directed verdict as to the issue of theft. Civ.R. 50(A)(4) governs the standard for directed verdicts and provides that:
* * * When a motion for a directed verdict has been properly made, and the trial court, after construing the evidence most strongly in favor of the party against whom the motion is directed, finds that upon any determinative issue reasonable minds could come to but one conclusion upon the evidence submitted and that conclusion is adverse to such party, the court shall sustain the motion and direct a verdict for the moving party as to that issue.
 {¶ 7} In ruling on a motion for a directed verdict, a trial court is required to construe the evidence most strongly in favor of the nonmovant. Civ.R. 50(A)(4); Strother v. Hutchinson (1981),67 Ohio St.2d 282, 284. The motion must be denied where there is substantial evidence to support the nonmoving party's case and reasonable minds may reach different conclusions. Posin v. A.B.C. Motor Court Hotel
(1976), 45 Ohio St.2d 271, 275. Neither the weight of the evidence nor the credibility of the witnesses is for the court's determination in ruling upon the motion. Id. A motion for directed verdict tests whether the evidence presented is legally sufficient to take the case to the jury. Wagner v. Midwestern Indemn. Co. (1998), 83 Ohio St.3d 287, 294.
 {¶ 8} Appellee filed a claim for coverage through his insurance policy provided by appellant. The policy (Plaintiff's Exh. No. 1) provides, in pertinent part, as follows:
PROPERTY COVERAGES — SECTION I
 COVERAGE B — PERSONAL PROPERTY
1. We cover:
a. personal property owned by or used by any insured anywhere in the world.
* * *
PERILS INSURED AGAINST — SECTION I
 COVERAGE B — PERSONAL PROPERTY We cover risks of accidental direct physical loss to property described in Coverage B — Personal Property when caused by a peril listed below, unless the loss is excluded in this policy.
* * *
9. Theft, including damage from attempted theft, and loss of property from a known place only when it is likely that a theft occurred.
 {¶ 9} In Toms v. Hartford Fire Ins. Co. (1945), 146 Ohio St. 39, syllabus, the Supreme Court of Ohio determined, as follows:
1. A contract of insurance prepared and phrased by the insurer is to be construed liberally in favor of the insured and strictly against the insurer, where the meaning of the language used is doubtful, uncertain or ambiguous.
2. Where the term "theft" is employed but not defined in an automobile insurance contract, it is to be given the usual meaning and understanding accorded it by persons in the ordinary walks of life.
3. In an insurance contract insuring against the "theft" of an automobile, the term "theft" comprehends the willful taking or appropriation of one person's automobile by another wrongfully, without justification and with the design to hold or make use of the vehicle in violation of the rights of the owner, and recovery by the insured for loss due to "theft" may be had where a taking or appropriation of the insured automobile in the manner and for the purpose described is shown.
 {¶ 10} In Toms, the term "theft" was not defined in the automobile insurance policy. An employee of the insured, a public garage, drove an automobile from the garage without authorization and over the protests of the garage attendant. The employee was then involved in a serious accident. Liberty Mutual Insurance Company owned the vehicle and filed suit against Toms to recover the damages but Toms' insurer, Hartford, failed to defend the action on the grounds that the damage was not covered by the policy. The Supreme Court of Ohio found that a theft of the automobile occurred and was within the coverage of the insurance policy.
 {¶ 11} The Supreme Court of Ohio then provided further guidance inRiley v. Motorists Mut. Ins. Co. (1964), 176 Ohio St. 16, paragraph one of the syllabus:
The undefined term, "theft," as used in an automobile insurance policy insuring against such contingency comprehends the willful taking of the insured's automobile by another for the latter's unauthorized use and disposition, wrongfully, without justification, and without claim or color of right.
 {¶ 12} In Riley, the plaintiff filed suit against his insurance company to recover the value of his automobile under the theft clause of his policy because an agent of a Texas automobile dealer repossessed the automobile. The automobile dealer sold the automobile to Mitchell, who executed a promissory note and a chattel mortgage that gave the seller-mortgagee the right, without demand, to repossess the automobile upon default. Mitchell paid one installment, disappeared with the automobile and defaulted as to further payments. He obtained an Alabama title to the automobile and sold it. After several more sales and transfers, Riley purchased the automobile from White Chevrolet in Zanesville, Ohio, and the certificate of title showed no liens or encumbrances. The Texas seller-mortgagee repossessed the vehicle according to the terms of the lien. The court found there was no theft of the vehicle within the terms of the insurance contract because there was a valid, subsisting and recorded mortgage lien on the vehicle and the Texas seller-mortgagee had a valid belief that it had a right to the property. "[O]ne is not chargeable with larceny or theft if in good faith he takes property of another, believing it to be legally his own and believing that he has a legal right to its possession." Riley, at 19, citing South Carolina Ins. Co. v. Jackson (1961), 103 Ga.App. 3,117 S.E.2d 878.
 {¶ 13} In this case, Triangle lacked the intent to commit a theft. Sara Axline, the assistant manager of the apartments, testified that Tolson's garage had been cleaned out by mistake. Axline stated that Triangle hired Dingess Sons Hauling to clean and empty garages that were past due on rent and, although Tolson was late in paying rent, his garage should not have been cleaned out for another 30 days. (Tr. 73.) His garage was located in a set of three garages and was mistakenly cleaned out with the other two garages. (Tr. 70.)
 {¶ 14} Thus, although Triangle's agent willfully took the property, Triangle did not have the intent to hold or make use of the property in violation of the rights of the owner nor did they act without claim or color of right. Triangle acted negligently in mistakenly cleaning out the garage but did not have the intent to commit a theft. If no theft occurred, there is no coverage under the insurance policy. The trial court erred in failing to grant appellant's motion for a directed verdict as to the issue of theft. Appellant's second assignment of error is well-taken.
 {¶ 15} Given our disposition of the second assignment of error, appellant's first, third and fourth assignments of error are rendered moot.
 {¶ 16} For the foregoing reasons, appellant's second assignment of error is sustained, the first, third and fourth assignments of error are moot, and the judgment of the Franklin County Court of Common Pleas is reversed and this cause is remanded to that court for further proceedings in accordance with law and consistent with this opinion.
Judgment reversed and cause remanded.
Brown, P.J., and Bryant, J., concur.