MORRIS B. BIGUS, Appellant, v. PACIFIC COAST
CASUALTY COMPANY, Respondent.

**Kansas City Court of Appeals, June 28, 1910.**

**BURGLARY INSURANCE: Theft: Felony: Trespass.** An insurance
policy insured against loss of an automobile by burglary, theft
or larceny. The machine was taken from one barn under a
claim of ownership and transferred to another barn in another
part of the city. *Held*: That to create liability under the policy
there must have been a feloneous asportation, and as the act
resulting in the loss of the machine was merely a trespass, the
trial court properly directed a verdict for defendant.

Appeal from Jackson Circuit Court.—*Hon. W. O.
Thomas*, Judge.

AFFIRMED.

*Robt. A. Rooney* for appellant.

The evidence on behalf of plaintiff clearly estab-
lished a prima-facie case that the automobile was
stolen. Dailey v. Black & Dixon, 92 Mo. App. 228;
Morrow v. Palace Car Co., 98 Mo. App. 356; State v.
Anderson, 186 Mo. 25; Michaels v.Fidelity & Casualty
Co., 128 Mo. App. 18; Hadley v. Orchard, 77 Mo. 148;
Webster's Dictionary.

*Thomas P. Fenlon* for respondent.

There can be no felonious intent where property
is taken under a fair color of claim or title, and there-
fore the crime of larceny could not be predicated
thereon. State v. Homes, 17 Mo. 379; State v. Tutt,
63 Mo. 595; State v. Clark, 12 Mo. App. 593.

ELLISON, J.—This action was instituted by
plaintiff to recover the amount of a policy of insurance
insuring an automobile against "direct loss by burglary,

theft or larceny." The trial court gave a peremptory instruction at the close of the case directing a verdict for the defendant.

The case shows that the wife of one Andrews was the owner of the automobile and that she gave him a power of attorney to sell it. That afterwards he did sell it to plaintiff. It was then in a barn at 1215 Wyandotte street, Kansas City, Mo., and plaintiff went to the barn and took possession of the machine and fastened the barn doors. He executed a paper back to Andrews, spoken of in the record as an option or mortgage. It is difficult to say just what it should be called. It recites that for and in consideration of one dollar and prompt payment of rent for the barn in which it was placed, "an absolute option (to Andrews) to purchase said automobile within ninety days for the sum of three hundred and twenty-five dollars," was granted. The insurance policy in suit was then taken out by plaintiff. Shortly afterwards Mrs. Andrews, who had some difficulty with her husband, learned of the sale to plaintiff and she immediately consulted her attorney, who advised her to take the machine into her possession, and that her attorney, with the assistance of a transfer man, took it from the barn and transferred it to a barn at the residence of her attorney's father, in another part of the city. Afterwards plaintiff learned of the loss of the machine and notified defendant. Efforts were made to find it, but without avail. Finally this action was instituted, and while pending, but before trial, it was learned where the machine was. It was shown to be much damaged. Plaintiff then replevined it. As before stated, Mrs. Andrews claimed to be the owner of the machine and directed it to be taken by her attorney and the transfer man. They took it in the day time, through the streets of the city, without effort at concealment.

The insurance contract only covered a feloneous asportation, and it is manifest that the taking shown

was, at most, a trespass against which there was no insurance. The trial court properly directed a verdict for the defendant and the judgment will be affirmed. All concur.