(88 Misc. Rep. 48)

RUSH v. BOSTON INS. CO.

(Supreme Court, Appellate Term, First Department. December 17, 1914.)

1. INSURANCE (§ 425*)—LOSS BY THEFT—ELEMENTS—FELONIOUS INTENT.

Under a policy insuring an automobile against loss by theft, insured must show that the car was stolen and a taking with a felonious intent, that being an element of larceny under the common law, and cannot recover if he has been wrongfully deprived of it by one acting under an honest belief that he was entitled to its possession and who used a trick or device to obtain it.

[Ed. Note.—For other cases, see Insurance, Cent. Dig. §§ 1129, 1135, 1143; Dec. Dig. § 425.*]

2. INSURANCE (§ 646*)—LOSS BY THEFT—PRESUMPTION AND BURDEN OF PROOF —FELONIOUS INTENT.

Under such policy, proof of the taking by a trick or device would allow an inference of felonious intent, rebuttable by a showing that the taker acted under an honest belief that he was entitled to its possession and merely used a trick to obtain what he thought was his property.

[Ed. Note.—For other cases, see Insurance, Cent. Dig. §§ 1555, 1645–1668; Dec. Dig. § 646.*]

3. INSURANCE (§ 658*)—LOSS BY THEFT—ACTION ON POLICY—EVIDENCE.

In an action on a policy insuring against the loss of an automobile by theft, where plaintiff claimed that he had bought the car and paid for it, evidence for defendant that shortly thereafter the company, which plaintiff financed, gave him a note for the same amount as the manufacturer's bill for the car and subsequently paid it, evidence as to payments by the company to the plaintiff, and evidence of conversations with plaintiff as to the terms upon which he received the car were admissible on the question as to whether the company's president, in obtaining possession of the car, was acting under a real claim of right.

[Ed. Note.—For other cases, see Insurance, Cent. Dig. §§ 1689, 1690, 1694; Dec. Dig. § 658.*]

Appeal from City Court of New York, Trial Term.

Action by Edward F. Rush against the Boston Insurance Company. Judgment for plaintiff. Motion for new trial denied, and defendant appeals. Reversed, and new trial ordered.

Argued November term, 1914, before LEHMAN, DELANY, and WHITAKER, JJ.

Hunt, Hill & Betts, of New York City (Leavitt J. Hunt, of New York City, of counsel), for appellant.

S. C. Sugarman, of New York City, for respondent.

LEHMAN, J. The plaintiff has recovered a judgment in an action brought upon a policy of insurance in the sum of $1,000 against the loss of an automobile by theft, robbery, or pilferage. The evidence sufficiently shows that he owned the automobile; that he sailed for Europe on October 19, 1912; that at that time the automobile was in the garage of his country place in Connecticut; that on October 27th one Pope went to plaintiff's country place and told plaintiff's caretaker that he was a partner of plaintiff, and was taking the car down to have it painted, and would return it in ten days. The caretaker thereupon turned the car over to Pope, who gave a receipt for it in the name

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

of the Knickerbocker Motor Sales Company, per C. M. Pope, President. Pope was at that time president of the Knickerbocker Motor Sales Company, and he took the car to the office of the Sales Company and kept it there for several weeks. It further appears that this car, with two others, had originally been bought and paid for by the plaintiff, and delivered by him to the Sales Company, who sold two of the cars and used the third car, now the subject-matter of the action, as a demonstrating car. This car was, however, for some months previous to October, always left in plaintiff's garage, and used by him as a "family" car, except upon the occasions when it was used by the Sales Company for demonstrating purposes. These facts have either been necessarily resolved in plaintiff's favor or are undisputed.

[1, 2] There is, of course, no question that the plaintiff must, in order to recover on the policy, show that the car was stolen. The alleged theft took place in Connecticut, and the elements of what constitutes a larceny must be determined by the principles of the common law, and, of course, include a felonious intent. The plaintiff has obviously no cause of action against the insurance company, even though he has been wrongfully deprived of his property, unless he has been so deprived of his property feloniously. The criminal intent, however, must usually be gathered from the surrounding circumstances, and proof of the taking by trick and device would, as charged by the trial judge, be sufficient to allow an inference of felonious intent. Nevertheless this inference would be completely rebutted if the defendant shows that Pope acted under an honest belief that he was entitled to the possession of the automobile, and merely used a trick to obtain what he thought was his property. Upon this point we have two somewhat significant pieces of evidence. He gave a receipt in the name of the Knickerbocker Motor Car Sales Company, and he kept the machine for some time in the place of business of that company.

[3] Moreover, in spite of testimony of the plaintiff attempting to show that he had no direct connection with that company, it does conclusively appear that he largely financed that company. Even though he did in fact own the car, if he was deprived of its possession by reason of an honest dispute with the company as to his title and right of possession, his damages are not covered either by the direct terms or even liberal intendment of the policy. The plaintiff's testimony was that he bought this car, with two others, from the manufacturer, and paid for them. The defendant, however, attempted to show by plaintiff's cross-examination that shortly thereafter the company gave him a note for the same amount as the bill of the manufacturers for the car. This question was, however, excluded. Yet it might well have shown that the plaintiff's version as to his title was untrue. The importance of this question becomes apparent, when later the defendant showed that the exact amount of this note of $4,162.50 was subsequently paid by various checks of the Sales Company; for the plaintiff now urges that some of these checks were intended to be applied on other notes of the company. The true facts, especially in the absence of the treasurer of the company, could best be shown by the cross-examination of the plaintiff, and, in my opinion, the learned trial justice erred, not only in excluding this question, but also in excluding other questions

as to payments by the company to the plaintiff, unless the plaintiff admitted that these payments were for the car.

It is urged, however, that the question of whether or not the plaintiff had title by original purchase of the car is immaterial, because subsequently a memorandum was admitted, showing that plaintiff had taken the car in payment of a debt of $1,450. This memorandum is concededly incompetent, and, while it was admitted without objection, I question whether it has any probative value. For the purposes of this appeal, I am, however, willing to concede that it conclusively shows title in the plaintiff. In that case, however, evidence of conversations with the plaintiff showing the exact nature of the terms upon which he received the car are evidently material upon the question of whether Pope was not acting under a real claim of right; yet such conversations were generally excluded as immaterial.

There are other alleged errors in the exclusion of evidence, pointed out by the appellant, which in my opinion need not be specifically considered. It seems to me that while the trial justice, both in his rulings and in his charge, recognized that felonious intent was a necessary element of plaintiff's cause of action, and properly permitted the plaintiff to prove this element by surrounding circumstances, he unduly limited the defendant's proof in its attempt to show that there were other circumstances giving the Knickerbocker Motor Car Sales Company at least a color of title, and that Pope acted under honest belief in this claim of title and under advice of counsel.

Judgment should therefore be reversed, and a new trial ordered, with costs to appellant to abide the event. All concur.