LA PORTE MOTOR COMPANY, Respondent, vs. FIREMEN'S INSURANCE COMPANY OF NEWARK, NEW JERSEY, and others, Appellants.

*October 12—November 9, 1932.*

For the appellants there was a brief by *Allan V. Classon* of Oconto, attorney, and *Victor Linley* of Viroqua of counsel, and oral argument by *Mr. Linley*.

For the respondent there was a brief by *Lehner & Lehner* of Oconto Falls, and oral argument by *Philip Lehner* of Princeton.

FAIRCHILD, J.    The particular finding of the court which must be considered here is, that on the 7th of December, 1930, the automobile was stolen by a person, or persons, unknown.  If this finding is against the great weight and clear preponderance of the evidence, that is if the only reasonable inference to be drawn is that it was taken by Reynold, the

judgment must be reversed. Theft of a car is not proven where all that is shown is a simultaneous disappearance of the car and of the one holding it under a conditional sales contract. The insurance policy stipulated that no liability was to arise out of the wrongful conversion, embezzlement, or secretion by the vendee under a conditional sales contract. It also contained the following provision: "Any loss under this policy that may be proved due the assured shall be payable to the assured and Korman-Schmidt Auto Company." The natural and legal presumption is that the buyer continued to have the car in his possession unless it is shown to be otherwise, and the burden of making the proper proof rested upon the respondent. *Continental Ins. Co. v. Dillow* (Tex. Civ. App.) 273 S. W. 624. The respondent seeks to avoid the effect of this by claiming a repossession of the car under the conditional sales contract by which all right in any person to the car except the respondent was ended before the car disappeared. The merits of this claim depend upon the following facts: The car was originally sold to Reynold May 10, 1930. Shortly thereafter and while the legal possessor thereof, he engaged respondent to do some repair work on the car. A dispute having arisen between them over the bill, respondent sought to enforce collection by holding the car. Reynold then began a replevin action, recovered the car, and continued to have it in his possession thereafter, so far as the proof discloses anything in relation thereto. After Reynold gained possession of the car he was not seen by respondent, nor was the car, until December 7, 1930. In the meantime respondent had purchased from the seller, Korman-Schmidt Auto Company, the contract of sale under which Reynold secured the car. Several instalments under this contract appeared to be unpaid. One of respondent's officers saw the car in front of the hotel in Oconto Falls on the day it disappeared and caused an agent to drive the car about a block down the street and park it in front of a schoolhouse across the road from

respondent's garage. The car was left in plain sight of any one looking for it from in front of the hotel which was but a short distance away. No notice was given or information brought to Reynold that the sales contract had been assigned to respondent. All the evidence there was of interference, or of claim of right to interfere, with his possession was the moving of the car the short distance described and locking it. Under the evidence and the attending presumptions we must conclude that the car was driven away from in front of the schoolhouse by Reynold. Neither Reynold nor the car has since been seen by respondent.

The determining question now becomes, Was there such a retaking by the seller's assign, the respondent, as to warrant holding Reynold guilty of larceny because of what subsequently occurred? The slight interruption of Reynold's possession over the car did not in and of itself destroy all color of right on his part to the car acquired by him under his conditional sales contract from Korman-Schmidt Auto Company. He doubtless knew he was in default; but if he attached any importance to finding the car across the road from plaintiff's garage, it is likely that he sensed in it some reflection of the litigation which had occurred between him and the respondent early in the summer of 1930. It would not be notice to him of recaption under the sales contract or constitute a retaking of the car. When the buyer of a car is in default in the payment of any sum due under the contract and the breach has been expressly made a ground for the retaking of the car, the seller or his assigns may retake possession thereof. The statute, however, regulating the procedure provides that unless the goods can be so retaken without breach of the peace they shall be retaken by legal process. Sec. 122.16, Stats. The fact that the car in this case was moved from in front of the hotel to a place in front of a schoolhouse in the public street near respondent's garage does not put the car so completely in the possession of respondent

as to preclude Reynold from exercising opposition to the respondent's maintaining possession. The respondent moved the car a short distance, locked it, and left it in a public street. The one from whose possession the attempt was made to take the car had no notice of the claim under which respondent assumed the right to move the car. After the moving, had respondent discovered Reynold in the act of driving the car away, there would have arisen the necessity of obtaining consent or resorting to the proper legal proceedings to accomplish its taking.

In *Van Wren v. Flynn*, 34 La. Ann. 1158, there had been a taking of furniture from the home of the plaintiff by entering the same while his mother, sister, and sister-in-law were present. Having informed them of his intention to take the furniture, disregarding their statement that the plaintiff would return shortly and the request to wait until such return, the defendant caused the furniture to be taken out. It was there held that notwithstanding non-payment of the notes the owner of the conditional sales contract was not authorized to enter the home of Van Wren in his absence without his consent and without notice to take away the furniture. The right of the seller under this form of contract is made as absolute as it can be, limited as it is by the positive statutory requirement that "unless the goods can be retaken without breach of the peace, they shall be retaken by legal process; but nothing herein shall be construed to authorize a violation of the criminal law." The legislature has made it a misdemeanor for the buyer maliciously, or with intent to defraud, to conceal the goods held by him under such a contract. Sec. 122.15. The rights of all interested under a conditional sales contract are affected by the public policy necessarily suggested by the words quoted from sec. 122.16.

Authorities referred to in the Uniform Laws Anno., vols. 2, 2a, under the title "Retaking of goods," indicate the necessity of a peaceable removal from the buyer. The law

clearly is that before a buyer can be placed in a position so that he can be convicted of larceny, as a stranger to the original transaction might be, there must be a legal taking including adequate assertion of possession by the seller, precluding the buyer from interposing objection and placing upon the one seeking to repossess the duty of resorting to legal proceedings. The evidence here excludes all possibility of charging Reynold with intending to take property of the respondent or with knowledge that the respondent had attempted to repossess the car under the conditional sales contract. While the respondent has a right of action under the contract to recover the automobile, and from the evidence there appears to be good reason to believe that Reynold has violated the criminal law as prescribed in sec. 122.15, yet a case has not been established entitling respondent to hold defendants under the policy of insurance.

*By the Court.*—Judgment reversed, and cause remanded with directions to dismiss the plaintiff's complaint.