17 N.J. Super. 160 (1951)
85 A.2d 315
MOLLY DURBACK, PLAINTIFF,
v.
FIDELITY & GUARANTY INSURANCE CORPORATION, A CORPORATION, DEFENDANT.
Superior Court of New Jersey, Essex County Court Law Division.
Decided December 5, 1951.
*161 Mr. Herbert J. Kenarik, attorney for the plaintiff.
Mr. William P. Braun, attorney for the defendant.
CONLON, J.C.C.
This is an action on an insurance policy and is submitted upon an agreed stipulation of facts which may be summarized as follows:
On August 4, 1950, defendant issued an "Automobile Physical Damage Policy" to the plaintiff Molly Durback and one James Feeney, the latter not being a party to the action. The policy covered a Buick estate wagon purchased at a cost of $1,695 and valued as of September 28, 1950, at $1,437.50. Of the down-payment of $500, the plaintiff paid $300 and Feeney paid $200. Thereafter Feeney made one monthly payment of $63.15 and the plaintiff paid the balance of the monthly payments until the purchase price was paid in full.
The car, with the consent of the plaintiff, was garaged at the home of James Feeney, the co-owner, from the time of its purchase until September 28, 1950, when Feeney, *162 "against the plaintiff's wishes and consent and against her will, made off with the automobile, took the same away, has not been heard from since, and neither has the car been recovered."
The plaintiff has abandoned her original contention that liability arises from a theft of the automobile and founds it entirely upon the defendant's undertaking to indemnify her under that part of the policy which provides that the insurer is liable "to pay for any direct and accidental loss * * * of the automobile."
That provision is commonly referred to as "comprehensive coverage" and provides as follows:
"Coverage A  Comprehensive Loss of or Damage to the Automobile, Except by Collision or Upset.
To pay for any direct and accidental loss of or damage to the automobile, hereinafter called loss, except loss caused by collision of the automobile with another object or by upset of the automobile or by collision of the automobile with a vehicle to which it is attached. Breakage of glass and loss caused by missiles, falling objects, fire, theft, explosion, earthquake, windstorm, hail, water, flood, vandalism, riot or civil commotion shall not be deemed loss caused by collision or upset."
The sole issue, therefore, is whether under the submitted facts the plaintiff sustained a loss of the automobile within the terms of the policy. The court is, of course, bound by the familiar rule that insurance policies must be construed most favorably to the insured where the terminology is ambiguous, but that principle has no application where the meaning of the policy is clear.
Stripped of its irrelevant verbiage the policy provides that the defendant shall indemnify the plaintiff and James Feeney for "any direct and accidental loss" of the automobile.
It must be presumed from the agreed state of facts that the co-owner, Feeney, at the time he took the car was in possession of it with the consent of the plaintiff and that he still has possession of it. The plaintiff concedes that he could not legally have been guilty of the theft of the car. *163 Both he and the plaintiff had equal right to the possession of it and in such case a co-owner cannot be held to have either stolen or embezzled the chattel. "The interest in the retention of possession of a chattel is not protected against a dispossession by one who, as between himself and the other, is entitled to the immediate possession of the chattel under the rules of the law of personal property. Therefore, it is neither a trespass nor a conversion for a person so entitled to the possession of a chattel to take it from another." (Restatement, Torts, sec. 272-a).
There can be no "direct and accidental loss" unless such loss results from an unforeseen event, i.e., one which is unexpected and not designed by another having an insurable interest in the chattel.
It is true that the plaintiff is being deprived of her joint right to possession, but this deprivation has not been precipitated by the acts of a stranger or by accident. It has occurred through the acts of one who has equal rights with her to the possession of the chattel as a co-owner. To follow the plaintiff's argument to its logical extreme would be to hold that a "direct and accidental loss" would occur at anytime one lawfully entitled to a chattel took it with the intent to deprive another lawful co-owner of its use and possession. Such a construction is not in accord with the provisions of the policy.
Judgment will be entered of no cause for action.