**NATIONAL BOND & INVESTMENT CO.,**
Appellant,

v.

**GREAT NATIONAL LLOYDS, Appellee.**

No. 14790.

Court of Civil Appeals of Texas.

Dallas.

July 16, 1954.

Rehearing Denied Oct. 1, 1954.

Burt Barr and J. Lee Zumwalt, Dallas, for appellant.

Wilbur T. Knape, Dallas, for appellee.

YOUNG, Justice.

The suit as instituted by plaintiff (appellant) was against appellee Insurance Company on policy No. A47998 insuring one Cecil M. McCutcheon and plaintiff to the extent of their interest in a 1951 Lincoln sedan against loss of said automobile by theft, at its actual value; alleging that same had been stolen off the streets of Dallas on July 10, 1952 within terms of the coverage. Upon trial to the court and judgment denying a recovery, due appeal has been taken.

Background of events leading up to the claimed breach of contract and defendant's

liability on the policy should first be stated: On December 5, 1951, Cecil M. McCutcheon purchased from a local dealer, Goss "on Ross", a four-door Lincoln car, paying cash $1,249.17, executing note to seller for $2,667.06, payable at office of National Bond & Investment Company, Dallas, in monthly installments of $148.17, including insurance, beginning January 10, 1952; which note was at once discounted to appellant Investment Company who procured the policy in suit, providing in part for "comprehensive loss or damage to the automobile * * * including fire, theft and wind storm"; insurer being Great National Lloyds, Waco, under application made by appellant through H. R. Haygood, a Dallas insurance agency. In policy provision termed "Exclusions," was subdivision M reading: "under coverages D, and G, to loss due to conversion, embezzlement or secretion by any person in lawful possession of the automobile under a bailment lease, conditional sale, mortgage or other encumbrance." Cecil M. McCutcheon was the insured in such instrument issuing April 21, 1952, loss payee clause running to appellant "as interest may appear."

McCutcheon made the January, February and March monthly payments, then becoming delinquent. In the latter part of June 1952 he was notified by the Investment Company that he must become current in past due payments by July 3rd or they would repossess the car under mortgage provisions; and, according to insured, he was in process of transmitting $450 for this purpose when the car was picked up on night of July 3 at appellant's instance as it stood adjacent to mortgagor's residence at San Angelo and returned to Dallas as repossessed property. Prior to such occurrence, however, McCutcheon had written the Investment Company for a statement of account, and its answer of June 24, is here quoted: "Mr. Cecil M. McCutcheon, 211 S. Van Buren, San Angelo, Texas. Dear Sir: The pay off on your automobile account will be $2140.00. This figure does not contemplate insurance cancellation. The above stated amount will be in force until July 28, 1952. I trust this is the information you desire. Very truly yours, /s/ Joe E. Lewis." Closely following above described "capture" of car by appellant was its recapture by McCutcheon. He, being promptly advised that same had been repossessed, appeared in Dallas on July 10; and, locating the car as it stood next to the office of the National Bond & Investment Company, assumed control and drove it away to Mississippi without knowledge of plaintiff. The latter at once notified the Haygood agency of the car's disappearance, reporting same to Dallas Police and National Theft Bureau as stolen; the investigation soon developing that McCutcheon had it in possession. Prior thereto, however, plaintiff had filed with the office of County Tax Collector an affidavit of repossession, together with assignment of McCutcheon's interest in the policy (signed only by Haygood) for purpose of obtaining title certificate through the State Highway Department; thereafter on October 6 filing proof of loss, claiming ownership and theft of car under policy recitals; then bringing suit for actual value as of July 10, 1952.

McCutcheon, an independent oil operator, continued in possession of the car until July 2, 1953. He testified to traveling through various states and in and out of Texas and Dallas in course of business until the date named; when, considering that he had "used up" his equity, he stored the vehicle in Shephard's garage, Fort Worth, sending claim check to plaintiff at Dallas, who thereupon mailed it to Haygood as agent for appellee. His 1952 certificate of title from State Highway Department showing lien in favor of the National Bond & Investment Company, also recited "Cecil M. McCutcheon and David Arnold" as purchasers from Goss on Ross. McCutcheon only having signed the purchase note, the interest of Arnold is nowhere apparent in this controversy and will not be further noticed.

Through eleven points appellant argues defendant's liability on the hypothesis of theft of this property by its former owner; claimant having legally consummated a reposssession thereof prior to July 10, 1952, date of re-seizure by McCutcheon; appellee countering with an equal number of points in support of the judgment rendered.

These propositions, pro and con, need not be outlined as they actually narrow to the basic point of whether appellant has established a theft of the Lincoln sedan within meaning and terms of the policy sued upon.

 Under express provisions of Exclusion M thereof, the policy does not apply to a loss "due to conversion, embezzlement or secretion by any person in lawful possession of the automobile under a bailment lease, conditional sale, mortgage or other encumbrance." Appellant's letter to McCutcheon of date June 24, 1952 advised that the "pay off" on automobile account would remain in force until July 28. Manifestly, in view of such letter, this debtor was acting in the role of mortgagor when, on July 10, he reassumed possession of the property in question. At least, the trial court when resolving the facts in dispute was reasonably warranted in so finding; in other words, that no claim as for theft of the car could be maintained in face of the quoted exclusion of risk.

The trial court's findings of fact and conclusions of law will accordingly be approved with affirmance of judgment based thereon. Such findings, made at request of appellant, will be adopted for purposes of this opinion; though only the conclusions of law are quoted: "(1) Policy number A47998 is held to be a Texas Standard Form of automobile policy, and that under the 'comprehensive' coverage, it insures against loss by theft (Broad Form) except 'loss due to conversion, embezzlement or secretion by any person in lawful possession of the automobile under a bailment lease, conditional sale, mortgage or other encumbrance.' (2) Legal title to the said 1951 Lincoln never passed out of Cecil M. McCutcheon and David Arnold by the attempted repossession on July 4, 1952, because there was no transfer of title in strict compliance with the Certificate of Title Act of Texas [Vernon's Ann.P.C. art. 1436–1]. (3) The alleged 'assignment of interest' was not executed by Cecil M. McCutcheon and David Arnold and therefore is not a valid and binding transfer to plaintiff National Bond & Investment Company of the legal rights held by the named insured Cecil M. McCutcheon under said policy number A47998. (4) The plaintiff National Bond & Investment Company never acquired the rights of the named insured in said policy, but instead had only the coverage protection of a 'Loss Payee' for the duration of said policy number A47998. (5) The occurrence on July 10, 1952 is not a theft within the meaning and terms of the policy sued upon, and the plaintiff National Bond & Investment Company is not entitled to recover under the terms of said policy number A47998."

Affirmed.