William TALASEK, Appellant,

v.

The TRAVELERS FIRE INSURANCE
CO., Appellee.

No. 16313.

United States Court of Appeals
Fifth Circuit.

March 29, 1957.

Frank D. Kerbow, for appellant.

Coleman Gay, Austin, Tex., James R. Meyers, Austin, Tex., for appellee.

Before RIVES, TUTTLE and JONES, Circuit Judges.

RIVES, Circuit Judge.

This action was upon a policy whereby the appellee insured the appellant against loss of an automobile by "theft, larceny, robbery or pilferage." The car had been owned by Auto Dealers Auction, Inc. of Kansas City, Missouri, which had agreed to sell it to one Hermansen through whom the appellant ultimately obtained possession. Auto Dealers Auction, Inc. still retains the Missouri certificate of title to the car, Hermansen having failed to pay the draft for its purchase price to which draft the certificate of title had been attached. Without any process, Auto Dealers Auction, Inc. had the car picked up on the streets of Rosenberg, Texas, where appellant had left it. Later, the appellant was fully informed of the circumstances of the taking and invited to litigate the title by sequestering the car or by means of a declaratory judgment action. He declined to do so, and instead sued on his automobile theft policy.

The case was tried to the court without a jury. The able and patient district judge made full findings of fact and conclusions of law from which he concluded that the appellant had no title and further:

"I further conclude that the repossession of the automobile by Auto Dealers Auction, Inc., under the circumstances discussed by this record was not a 'theft, larceny, robbery or pilferage' within the terms of the policy issued by defendant. Auto Dealers Auction, Inc., was the owner of the automobile and was entitled to its possession, but in any event the taking of possession was under a bona fide claim of ownership by Auto Dealers Auction, Inc., which was not covered by the policy."

Whether it was the legal owner or not, and however highhanded and reprehensible may have been its conduct in repossessing the automobile without process, it seems to us too clear to warrant discussion that such conduct of Auto Dealers Auction, Inc. did not amount to "theft, larceny, robbery or pilferage."[1] The judgment is therefore

Affirmed.

1. National Bond & Investment Co. v. Great National Lloyds, Tex.Civ.App., 271 S.W.2d 322; Burnaman v. State, 130 Tex.Cr.R. 355, 94 S.W.2d 751; Bigus v. Pacific Coast Casualty Co., 145 Mo.App. 170, 129 S.W. 982; Rush v. Boston Ins. Co., 88 Misc. 48, 150 N.Y.S. 457; Durback v. Fidelity & Guaranty Insurance Corporation, 17 N.J.Super. 160, 85 A.2d 315; 5 Appleman, Insurance Law and Practice 356, Sec. 3211; 6 Blashfield, Cyclopedia of Automobile Law and Practice 314, Sec. 3711.