James W. FROELICH, D/B/A Froelich Equipment Company, Appellant,

v.

TRINITY UNIVERSAL INSURANCE COMPANY, Appellee.

No. 7105.

Court of Civil Appeals of Texas.

Amarillo.

Feb. 26, 1962.

**86**

E. Byron Singleton, Amarillo, for appellant.

Gibson, Ochsner, Harlin, Kinney & Morris, Amarillo, for appellee.

NORTHCUTT, Justice.

This is a summary judgment case. The plaintiff, James W. Froelich, D/B/A Froelich Equipment Company, hereinafter referred to as appellant brought suit against Trinity Universal Insurance Company, hereinafter referred to as appellee, upon an insurance policy. The appellant was the owner of two Mack trucks and two Hobbs trailers. The appellee had issued its policy covering the trucks and trailers against theft (and other matters not here involved). One Norma Scheele came to Amarillo and took the trucks and trailers and notified the appellant she had the trucks and trailers and was going to sell them under the terms of her note and mortgage. Her attorney sent appellant copies of the foreclosure notices and appellant admits he received these notices. The foreclosure was held and titles were issued to Norma Duncan (being the same person here mentioned as Norma Scheele).

Trinity Universal Insurance Company filed a motion for summary judgment supported by the depositions of appellant, Clifford Houston Duncan and Mrs. Norma Scheele. All of these depositions show there was a note and mortgage given to Mrs. Scheele by Froelich and Duncan. Upon this record the trial court granted summary judgment in favor of the insurance company that plaintiff recover nothing. From that judgment the plaintiff perfected this appeal.

Under the policy in question it provided the policy did not apply as to theft where the loss was due to conversion, embezzlement, or secretion by any person in possession of the automobile under bailment lease, conditional sale, purchase agreement, mortgage or other encumbrance.

The appellant sought to recover upon the theory there was no lawful mortgage but there was a question of fact as to the taking of the vehicles constituting theft. Appellant testified, in the deposition here, that he and Duncan gave Mrs. Duncan, (being the same person here as Mrs. Scheele) a note secured by a chattel mortgage on the vehicles here involved for $7500.00.

The appellant did not appear and seek to contest the sale under the foreclosure of the mortgage upon the vehicles here involved. After the foreclosure proceedings.

and after Mrs. Scheele had bought the vehicles at the foreclosure sale, and certificates of title had been issued to her, the appellant brought this suit to recover under the terms of the insurance policy here involved.

"The testimony of a party to a suit and admissions made by him must be construed as binding upon him, and not merely as raising issues of fact. His testimony is governed by different rules to those governing witnesses who are not parties." Texas & P. Ry Co. v. Wood et al., 145 Tex. 534, 199 S.W.2d 652, by the Supreme Court. We think under appellant's own testimony and admissions the vehicles here involved were taken under the terms of a mortgage and the taking by Mrs. Scheele would not be theft.

Through seventeen points appellant argues defendant's liability on the hypothesis of theft of this property by Mrs. Scheele. We think it is unnecessary to discuss each of these points since the case actually narrows to the basic point of whether there was a theft of the vehicles involved.

The policy in question, under the comprehensive coverage, insured against loss by theft (Broad Form) except loss due to conversion, embezzlement or secretion by any person in possession under a bailment lease, conditional sale, purchase agreement, *mortgage* or other encumbrance. (Emphasis ours.) The taking and foreclosure under the chattel mortgage was not a theft within the meaning and terms of the policy. National Bond & Investment Co. v. Great National Lloyds, Tex.Civ.App., 271 S.W.2d 322; Talasek v. The Travelers Fire Insurance Co., 5 Cir., 242 F.2d 748, and cases there cited.

We think the trial court was correct in entering summary judgment, as was done in this case. Judgment of the trial court is affirmed.