**YOUNG–PETERSON CONSTRUCTION, INC., an Illinois corporation, Plaintiff-Appellant,**

v.

**The POTOMAC INSURANCE COMPANY OF the DISTRICT OF COLUMBIA, a corporation, Defendant-Appellee.**

**No. 15781.**

United States Court of Appeals
Seventh Circuit.

July 18, 1967.

Rehearing Denied Aug. 28, 1967.

John A. Cook, Samuel M. Lanoff, Chicago, Ill., for appellant, Young-Peterson Construction, Inc., Morgan, Halligan, Lanoff & Cook, Chicago, Ill., of counsel.

John C. Bartler, Richard E. Bleloch, McKenna, Storer, Rowe, White & Haskell, Richard C. Bleloch, Chicago, Ill., for defendant-appellee.

Before SCHNACKENBERG, CASTLE and FAIRCHILD, Circuit Judges.

CASTLE, Circuit Judge.

The plaintiff-appellant, Young-Peterson Construction, Inc., brought this diversity action in the District Court against The Potomac Insurance Company of the District of Columbia, defendant-

appellee, seeking to recover the value of four truck tractors and dump-type trailers under the "theft" clause of an insurance policy defendant issued to the plaintiff. The cause was tried to a jury which returned a verdict for the defendant upon which the court entered judgment. The plaintiff appealed and contends the court committed reversible error in its denial of plaintiff's motion for a directed verdict and its motion for judgment notwithstanding the verdict or, in the alternative, for a new trial.

The main contested issue precipitated by plaintiff's appeal, and about which its principal contention centers, is whether there is any evidence to support a conclusion by the jury that the taking involved was in the exercise of a good faith claim of right.

The insurance policy issued by the defendant listed the motor vehicle equipment here involved and contained a clause insuring against loss or damage "caused by theft, larceny, robbery or pilferage". Plaintiff contends that the four truck tractors and trailers in question were taken by Robert Holtman on or about April 24, 1959, from a service-station storage yard at Homewood, Illinois, transported to Phoenix, Arizona, and there sold by Holtman, under circumstances constituting a theft rather than a taking in a good faith exercise of a claim of right.

Plaintiff, an Illinois corporation, was organized by J. Bernard Mullen, Jr. and Mark Willing, Jr. in March of 1958 to perform a highway construction sub-contract. Allen Young was employed as the president of the corporation. He was not, however, a stockholder, nor did he ever make any capital contribution to the corporation. The sub-contract was completed in October, 1958, and although by its terms Young's written employment contract as president and general manager of the plaintiff corporation then expired, he continued to assist in its activities in connection with finishing two related hauling jobs the corporation performed and thereafter went to Arizona in an effort to locate work on which

the plaintiff's equipment could be utilized. The plaintiff had no active vice-president, and a president to succeed Young was not named until after the events which are here pertinent.

The five truck tractors and trailers which the plaintiff had purchased to perform the highway construction subcontract were stored in December 1958 on a farm at McHenry, Illinois. In April 1959 they were moved to the service-station lot at Homewood.

■ The testimony relevant to the circumstances leading to and surrounding Holtman's removal of four of the truck tractors and their trailers from the Homewood premises presents conflicts. But the resolution of these conflicts, and the credibility questions incident thereto, was peculiarly within the province of the jury. The scope of our review, insofar as the sufficiency of the evidence is concerned, is here limited to a determination of whether the evidence, and all reasonable inferences that may be drawn therefrom, considered in the light most favorable to the defendant, supports the verdict of the jury.

The plaintiff contends that the defendant's defense that Holtman's taking of the motor vehicle equipment was in the exercise of a good faith claim of right, and therefore not within the scope of the coverage afforded by the policy, is defective in two respects. First, that the claim of right defense is available only where the taker is a person having a pre-existing close relationship of use and ownership to the property taken which precedes that of the person from whom the property was taken. And, second, that in the instant case the essential element that the taker be in the exercise of good faith in his claim of right is lacking—that the record negates good faith on the part of Holtman.

■ It is conceded that Holtman never had any relationship of use or ownership of any of the vehicles, or interest therein, which preceded that of the plaintiff. It is on the basis of the absence of any such factor that plaintiff

makes its first contention that the claim of right defense is unavailable to the defendant. Plaintiff cites nine cases [1] which have been concerned with the development and application of the claim of right doctrine as a defense to the liability of an insurer under the "loss by theft" coverage of its policy. Plaintiff contends that these cases authorize the claim of right defense only where the taker, in addition to being in good faith, was taking a vehicle as to which he had a prior close relationship of use and ownership. While these cases are illustrative of factual situations where such a factor was present we perceive nothing in the rationale upon which these decisions are based which makes the element of such a prior relationship to or ownership of the property taken a *sine qua non* to the availability of the claim of right defense to the insurer of the property. In our opinion the defense is available where the taking is by any person acting under an honest belief that he is entitled to possession of the property. Insurance Law and Practice, Appleman, § 3211, p. 356.

We turn to consideration of whether, viewing the record most favorably to the defendant, there is any evidence which would warrant a conclusion by the jury that Holtman acted in good faith and under color of right in his taking of the four truck tractors and their trailers. In this connection there is evidence that before Holtman removed the vehicles from the Homewood service-station lot Young, who had possession of the title documents to the vehicles, had, over his signature as president of the corporation, executed assignments of the titles from plaintiff to Holtman as security for loans and advances made by Holtman, and had delivered the title certificates and the keys to the vehicles to Holtman. Prior to removing the vehicles, Holtman had conversations with Mullen, and with an attorney for the plaintiff, in which he informed them he had title to the vehicles and had come to get them. Neither questioned the authority of Young to act for the plaintiff but advised Holtman that Young couldn't have given him title to the vehicles because they belonged to a bank which had liens on them. The title papers disclosed no liens and Holtman proceeded to remove the vehicles after first soliciting and obtaining the presence of a local police officer to stand by in event of any trouble. The vehicles were openly transported in caravan to Arizona where Holtman resided.

The record discloses that Young, while attempting to secure construction work in Arizona on which the plaintiff's motorized equipment could be put to use, contacted Holtman at the latter's residence in Phoenix. Young had been told that Holtman also had been a sub-contractor on the Illinois project. Young subsequently made representations to Holtman to the effect that the plaintiff was about to become the prime contractor in connection with a project for the construction of housing for the elderly at Phoenix; that plaintiff would do the site-leveling, dirt moving, sewer and road work itself, but would sub-let the balance of the work. There is testimony that the loans and other advances made by Holtman at Young's request, and for which the assignments of title to the truck tractors and trailers were given as security, approximated $40,000.00. A substantial portion of the money advanced by Holtman was, according to his understanding of Young's representations, a loan to plaintiff to be used for a payment in connection with the hous-

1. LaPorte Motor Company v. Firemen's Ins. Co., of Newark, N. J., 209 Wis. 397, 245 N.W. 105; Durback v. Fidelity and Guaranty Co., 17 N.J.Super. 160, 85 A. 2d 315; Bowling v. Hamblen County Motor Co., 16 Tenn.App. 52, 66 S.W.2d 229; Bigus v. Pacific Coast Casualty Co., 145 Mo.App. 170, 129 S.W. 982; Rush v. Boston Insurance Co., 88 Misc. 48, 150 N.Y.S. 457; State Assurance Underwriters of Providence Fire Ins. Co. v. Miller, Fla., 58 So.2d 532; South Carolina Ins. Co. v. Jackson, 103 Ga.App. 3, 117 S.E. 2d 878; Talasek v. Travelers Fire Ins. Co., 5 Cir., 242 F.2d 748; Reece v. Motors Ins. Corp., D.C., 116 F.Supp. 394.

ing development project on which plaintiff was to be the prime contractor, in return for which loan Holtman was to receive a 25% interest in the plaintiff and in addition was to be a sub-contractor on the dirt moving involved.

It is not necessary to an application of the claim of right defense that the evidence establish that the taker had a valid right to take the property. Consequently, we are not here concerned with what actual and ultimate legal rights or obligations were created between plaintiff and Holtman by the transactions involved. Nor need we consider and determine the question of Young's actual authority to bind the plaintiff corporation or whether all of the advances made by Holtman may have resulted in the creation of obligations within the scope of that authority.

■ We are, however, of the opinion that there is evidence from which the jury could have reasonably concluded that Holtman's taking of the truck tractors and trailers was in a good faith exercise of a claim of right based on the assignments of title which had been given to him. The taking was therefore not within the "loss by theft" coverage afforded by the policy issued by the defendant.

■ In connection with the denial of its motion for a new trial the plaintiff makes certain additional contentions asserting error in the giving of an instruction to which it objected, error arising from comment made by the trial judge in the course of the trial, and error in the court's permitting an amendment to defendant's answer on the first day of trial setting forth additional affirmative defenses. Plaintiff also complains of the conduct of the defendant in interviewing plaintiff's handwriting expert in the absence of plaintiff's counsel after a previously scheduled discovery deposition of the witness had been continued. The taking of the deposition was subsequently abandoned. We have considered all of these contentions and find them lacking in merit in that none of the

matters complained of reveal any error, on the record here involved, which would require reversal. No useful purpose would be served by extending this opinion to discuss them. Suffice it to observe that the trial court's refusal to grant a new trial was not an abuse of discretion. Hardware Mutual Casualty Company v. Chapman, 7 Cir., 272 F.2d 614, 617.

The judgment order appealed from is affirmed.

Affirmed.