LORRAINE CASTNER, as Committee of the Person and Property of ELIZABETH LEONARD, an Incompetent, Appellant, *v.* INSURANCE COMPANY OF NORTH AMERICA et al., Respondents.

JOHN D. WENDELL, INC., Third-Party Plaintiff-Appellant, *v.* INDIANA LUMBERMENS MUTUAL INSURANCE COMPANY et al., Third-Party Defendants-Respondents.

Third Department, November 1, 1972.

*Miner, Feeney & Ford (Anthony J. Feeney, Jr.,* of counsel), for appellant.

*Maynard, O'Connor & Smith (Arthur R. Flores* of counsel), for respondents.

*Ainsworth, Sullivan, Tracy & Knauf (John E. Knauf* of counsel), for third-party plaintiff-appellant.

*Carter, Conboy, Bardwell & Case* for third-party defendants-respondents.

STALEY, JR., J.   These are appeals (1) from an order of the Supreme Court at Trial Term, entered December 23, 1970 in Albany County, which dismissed the complaint against defendant John D. Wendell, Inc.; (2) from a judgment and order, entered January 8, 1971, which dismissed the complaint against defendant Insurance Company of North America; (3) from that part of a judgment and order, entered July 9, 1971, which dismissed the complaint against defendant John D. Wendell, Inc.; and (4) from that part of a judgment and order, entered July 9, 1971, which dismissed the complant of the third-party plaintiff against the third-party defendant, Indiana Lumbermens Mutual Insurance Company.

Appellant was appointed committee of her aunt, Elizabeth Leonard, on October 19, 1968.   In response to a letter from the Cadillac Motor Car Division, appellant, on July 26, 1968, delivered her aunt's 1968 Cadillac to defendant, Wendell's garage, for repairs.   When appellant returned for the automobile, Frank Leonard, the alleged husband of Elizabeth Leonard, was present at the garage.   Although there is no proof of any valid marriage between Elizabeth Leonard and Frank Leonard, they did live together as husband and wife for over 25 years, and she conducted a business, the Leonard Nursing Home, for many years. Mr. Leonard requested Wendell's service manager to obtain the registration for the automobile from appellant and give it to him which the manager did.   When appellant became aware that Mr. Leonard intended to take the automobile out of the garage, she phoned Mrs. Leonard's attorney who talked with Mr. Leonard warning him not to remove the automobil    The attorney then talked with the service manager and, while they were conversing, Mr. Leonard entered the automobile which had the keys in it and drove out of the garage.   The service manager

had told Mr. Leonard not to take the automobile out of the garage.

After the alleged theft on July 26, 1968, there was no attempt to regain possession of the automobile, and a complaint was not filed in Police Court until November 15, 1968. A notice of loss was filed with the agent for the Insurance Company of North America on October 30, 1968.

The complaint sets forth two causes of action; one against Wendell for negligently breaching its obligation as a bailee, and the second against Insurance Company of North America, Mrs. Leonard's casualty company, for loss of the automobile by theft.

The trial court dismissed the complaint as to both causes of action finding that the failure to redeliver the automobile to appellant was not due to respondent Wendell's negligence, and that appellant failed to meet the burden of proof required to establish that there was a theft or loss under the terms of the insurance policy.

A bailment for mutual benefit imposes a duty upon the bailee to exercise ordinary care in relation to the article bailed. (*Aronette Mfg. Co. v. Capitol Piece Dye Works,* 6 N Y 2d 465.) The failure of the bailee to return the bailed property upon demand establishes a prima facie case of negligence against the bailee. Such prima facie case may be overcome when the bailee establishes that the loss was due to circumstances not within the control of the bailee (*Stewart v. Stone,* 127 N. Y. 500).

The question of whether the loss here was attributable to Wendell's negligence was one of fact to be determined by the trial court. The evidence shows the circumstances under which the automobile was removed from Wendell's control and its inability to redeliver it to appellant. In spite of the service manager's statement to Mr. Leonard not to remove the automobile from the garage, Mr. Leonard proceeded to do so. The trial court was justified on the record to find that Wendell was not negligent.

In order for appellant to recover for theft under the terms of the insurance policy, she was required to establish a criminal intent to deprive her aunt permanently of the automobile. (*Van Vechten v. American Eagle Fire Ins. Co.,* 239 N. Y. 303; *Botnick Motor Corp. v. Northern Ins. Co. of N. Y.,* 253 App. Div. 786.) There is a total absence of the requisite criminal intent when the insured vehicle is taken by one claiming ownership or right to use. (*Glens Falls Ins. Co. v. Stewart,* 127 Misc. 353, affd. 219 App. Div. 817.) Under the circumstances here, where the automobile was taken by the husband of the owner, it is fairly infer-

able that the automobile was taken under a claim of right, and that there was no felonious intent in the taking. In addition, the delay in reporting the alleged theft to the police or the insurance carrier supports the belief that Mr. Leonard had a legitimate claim of ownership or right to use the automobile. The record supports the trial court's determintaion that appellant failed to establish the required intent to constitute a theft.

The judgments and orders should be affirmed, with one bill of costs to respondents.

HERLIHY, P. J., SWEENEY, SIMONS and REYNOLDS, JJ., concur.

Judgments and orders affirmed, with one bill of costs to respondents.