### STATE FARM FIRE AND CASUALTY COMPANY *v.* Phillip H. SWITZER and Roderick D. SWITZER

74-302                                          520 S.W. 2d 245

Opinion delivered March 17, 1975

*Mays and Landers,* for appellant.

*Switzer & Switzer,* for appellees.

LYLE BROWN, Justice. This action involves the issue of auto theft liability under a contract issued to appellees Phillip H. Switzer and Roderick D. Switzer, by appellant, State Farm Fire and Casualty Company. The chancellor held that the auto had been stolen by Hazel, wife of Roderick, and removed by her to Yakima, Washington. Based on the finding of theft, judgment was rendered in favor of Phillip Switzer for the lien he claimed against the truck as a result of his sale of the truck to Roderick Switzer.

There is little dispute about most of the essential facts. Roderick Switzer orally purchased the truck from his brother, Phillip, in July, 1972. It was agreed that Ovid Switzer, father of Roderick, would pay Phillip $1,000 on behalf of Roderick's interest in the truck; also, Roderick would pay to Phillip the amount of an indebtedness owed to GMAC, being approximately $1,000. Roderick was to repay Ovid after Roderick had finished paying the balance owed

GMAC. Shortly thereafter, Phillip and Roderick made application to appellant's local agent for insurance. On that instrument Roderick showed that he was to be the operator "100 per cent"; however, he also listed his wife, Hazel, as an operator.

Subsequent to the issuance of the policy domestic difficulties arose between Hazel and Roderick Switzer. On or about September 19, 1972, Hazel packed her belongings in the truck and drove from Crossett to Yakima, Washington, the previous home of the couple. The trip was made without prior notice to Roderick. There were later telephone conversations between the couple, Hazel making no pretense to conceal her location. No serious effort was made to seek return of the truck. A divorce was granted Roderick in November, 1972.

Phillip paid GMAC the balance owed the latter on the truck and took an assignment of GMAC's lien. Of the $1,000 which Ovid Switzer agreed to pay Phillip for his equity in the truck, Ovid Switzer made two payments totaling $200.00; that left an unpaid balance of $800 and Ovid Switzer made no further payments after the truck was removed to Yakima, Washington. Totaling the amount paid GMAC and the $800 unpaid by Ovid Switzer, the trial court found that Phillip suffered a loss of $1,592.27, for which he had an equitable lien on the truck, and entered judgment against appellant in that amount. Roderick dismissed his complaint at the close of the case.

Phillip testified that he notified the National Automobile Theft Bureau about the taking of the car. He said he looked for the truck in El Dorado, Arkansas, with the help of the police. He testified that he found out about the truck being kept in Yakima; he conceded he made no effort to get it back.

Roderick testified he notified the local sheriff of the taking of the vehicle. He said he gave Phillip two addresses at which Hazel might be found in Yakima. One of those addresses was the motel at which Hazel was working as manager. About Hazel's use of the truck, he conceded he listed Hazel as one of the users. He said he told the insurance

agent "that Hazel Switzer would drive the truck occasionally. As far as I was concerned and as far as State Farm is concerned, she was an authorized operator of that vehicle." Subsequent to arrival in Yakima, Hazel called and told Roderick she wanted to keep the truck. "I assumed she was claiming an interest in the truck. I made no effort to get the truck". Hazel Switzer wrote the checks for the payments made to GMAC, apparently on the joint bank account of husband and wife.

The parties to this action agree that the principal crucial question around which liability of State Farm revolves is whether the taking of the truck by Hazel Switzer and the removal thereof to Yakima, Washington, amounted to a theft. Hazel claimed some interest in the truck. She testified that she took the truck to Washington "because she had gone into her marriage with a car which she no longer had and with more than she was taking out of it [the marriage]". Thus she asserted a claim of right and asked Roderick to mail the registration papers to her. Also, the vehicle was not entirely within the classification of "the personal property of another". Additionally, the legal title to the truck was never changed from Phillip; the payment from Roderick and Hazel and the payment from Ovid for the benefit of Roderick gave Roderick and Hazel an equitable interest in the vehicle. Hazel's right to drive the truck without restriction was listed in the application for insurance by Roderick. Apparently a warrant was never issued against Hazel for theft. And, finally, there was no effort to repossess the truck made by either of the Switzers, notwithstanding they were apprised of the exact location of the vehicle. Under the peculiar circumstances of this case it is more reasonable to assume that Hazel took the truck under a claimed right than it is to assume her taking constituted a felonious theft. This being a chancery case, we try it de novo.

Reversed and dismissed.