Joseph F. DONNELLY, Appellant,

v.

ROCKWOOD INSURANCE COMPANY, Appellee.

No. S–855.

Supreme Court of Alaska.

April 25, 1986.

Steven P. Oliver, Anchorage, for appellant.

Mary Louise Molenda, Lynch, Farney, Crosby & Molenda, Anchorage, for appellee.

Before RABINOWITZ, C.J., and BURKE, MATTHEWS, COMPTON and MOORE, JJ.

1. The facts set forth above are undisputed.

## OPINION

RABINOWITZ, Chief Justice.

### Introduction

This appeal raises the question of whether a vendor-creditor's repossession of a truck falls within the theft provision in the vendee's insurance policy. The superior court granted partial summary judgment in favor of Rockwood Insurance Company stating that the repossession did not constitute theft in this case. We reverse.

### Facts

Joseph Donnelly agreed to purchase a truck from Danny Daniels for $24,000.[1] Daniels gave Donnelly a bill of sale that read:

Bill of Sale
Received from Joseph Donnelly
$8,779.51 for my (illegible)
Balance in 1983 (illegible)
Balance to be sent to
Wachovia Bank & Trust by
J. Donnelly.

Donnelly contacted the Wachovia Bank and attempted to assume Daniels' loan. The bank refused to permit Donnelly to do this, however, because its accounts are not transferable. One of the bank's officers wrote a letter to Daniels explaining that Donnelly would have to get a loan through his own bank and pay off Daniels' account in full.

Sometime after this, Donnelly was involved in a vehicle accident in which the truck sustained extensive damage. On December 30, 1983, Daniels "repossessed" the truck, claiming that Donnelly was to have paid the balance due within three days of the sale.

On the day he received the truck, Donnelly purchased an insurance policy from appellee Rockwood Insurance Company (Rockwood). The policy provided coverage for "Specified Perils," which included theft. After Daniels took the truck back, Donnelly filed a claim under his policy for damages for theft. Rockwood refused to pay Donnelly, maintaining that the policy did

not cover what was essentially a civil dispute between Daniels and Donnelly.

Donnelly then filed suit against Daniels for conversion and against Rockwood for payment under the policy on June 12, 1985. Rockwood moved for partial summary judgment on the basis that Daniels' actions did not constitute theft within the coverage of the policy it had issued to Donnelly. The superior court granted the motion and awarded Rockwood $2,500 in attorney's fees. Donnelly appeals the superior court's partial summary judgment.

Discussion

■ We will not consider who, as between Donnelly and Daniels, has the superior title to the truck, for that issue remains for disposition with the superior court. It is not necessary, however, that a "taker" have a valid right to take the vehicle in order for recovery to be barred under a theft policy. *Young-Peterson Construction, Inc. v. Potomac Insurance Company*, 382 F.2d 400, 403 (7th Cir.1967), *cert. denied*, 390 U.S. 921, 88 S.Ct. 854, 19 L.Ed.2d 980 (1968). The crucial question is whether the taker seized or repossessed the vehicle believing that he was entitled to do so, under a claim of legal ownership or a bona fide claim of right. In other words, did the taker have criminal intent in taking the vehicle? [2] A claim of right is present where the taking is by a person acting under an honest belief that he is entitled to possession of the property. *Young-Peterson Construction*, 382 F.2d at 402. *See also Reece v. Motors Insurance Corporation*, 116 F.Supp. 394, 399 (W.D.Okla.1953) (The principle of law is well entrenched that where there is a taking under a bona fide claim of ownership, such a loss is not a "theft" within the common meaning of automobile insurance coverage); *Hubbell v. Farmers Insurance Group*, 200 Neb. 472, 263 N.W.2d 863, 865 (1978) (Automobile theft insurance is uniformly viewed as furnishing protection only against losses arising from criminal takings of the insured vehicle and there is apparently no judicial dissent from that proposition); *Munchick v. Fidelity & Casualty Company of New York*, 2 Ohio St.2d 303, 209 N.E.2d 167, 170 (1965) (Where the term "theft" is used but not defined in an insurance contract drafted by the insurer, it includes any wrongful deprivation of the property of another without claim or color of right); *Castner v. Insurance Company of North America*, 40 A.D.2d 1, 337 N.Y.S.2d 52, 55 (1972) (In order for appellant to recover for theft under the insurance policy, she must establish criminal intent, and there is a total absence of the requisite criminal intent when the insured vehicle is taken by one claiming ownership or right to use); 5 J. Appleman & J. Appleman, Insurance Law and Practice §§ 3210, 3211 (rev. ed. 1970) (In order for the insured to recover on a contract of theft insurance, he must show that he has been deprived of his automobile feloniously).

■ Where recovery is sought on a theft policy, there is no presumption of felonious intent. 8 F. Lewis, Blashfield Automobile Law and Practice § 352.22 at 607 (3rd ed. 1966). Whether the taking of an automobile constitutes "theft" within the meaning of the policy is a question of law for the superior court, but the intent with which the automobile was taken is normally a question for the jury, unless the facts surrounding the loss are uncontroverted. *Id.* § 352.55 at 677. In regard to the partial summary judgment motion, therefore, the only factual determination necessary for the disposition of the insurance coverage issue is whether Daniels believed that he was entitled to take the truck under a claim of legal ownership or a bona fide claim of right.

■ Our review of the record which was developed for purposes of the partial summary judgment motion persuades us that Rockwood failed to establish Daniels' state

---

**2.** Courts are in substantial agreement in holding that there can be no recovery under a theft policy where it appears that the taking was by one who claimed ownership of the car; in such a case there is a total absence, fatal to recovery, of any criminal intent on the part of the taker. Annot., 48 A.L.R.2d 8, 24 § 9[c] (1956).

of mind at the time he took the truck. It was Rockwood's burden to establish by competent evidence that at the time Daniels seized the truck he did so under claim of legal ownership or a bona fide claim of right. Given Rockwood's failure to establish Daniels' intent it was not entitled to summary judgment.[3]

The superior court's grant of partial summary judgment is REVERSED and REMANDED for proceedings consistent with this opinion.

**3.** Our disposition of the partial summary judgment issue makes it unnecessary to address

Donnelly's attorney's fee specification of error.