Lena SANDERS, Plaintiff,

v.

**Earl HUMPHREY, Individually and Earl Humphrey D/B/A Humphrey Motors, State Farm Fire and Casualty Company and Jessie Owens, Defendants.**

**Civ. A. No. J88–0648(L).**

United States District Court,
S.D. Mississippi,
Jackson Division.

Aug. 28, 1989.

Mark E. McLeod, Jackson, Miss., for plaintiff.

Reeves Jones, Jackson, Miss., for defendants.

Edward J. Currie, Michael Myers, Steen, Reynolds, Dalehite & Currie, Jackson, Miss., for State Farm Fire and Cas. Co.

### MEMORANDUM OPINION AND ORDER

TOM S. LEE, District Judge.

On March 31, 1987, Jackie's Auto Sales, a Mississippi used car dealership owned and operated by David Yancey, purchased a 1982 Cadillac Sedan DeVille from Earl Humphrey d/b/a Humphrey Motors, a used car dealership in Bossier City, Louisiana. In exchange for his $5,000 bank draft, Yancey acquired possession of the vehicle and took it to his used car lot in Jackson, Mississippi. Humphrey Motors, however, retained the certificate of title since, pursuant to its sales agreement with Jackie's, it agreed to transfer title to Jackie's only at such time as the bank draft given by Yancey was paid. After Yancey had obtained possession of the Cadillac, Humphrey Motors on several occasions presented Yancey's draft to the bank for payment and each time it was dishonored. When it became apparent that Humphrey Motors would not be able to recover the purchase price of the automobile, Earl Humphrey, on June 12, 1987, sent a representative to Jackson to recover the car from Jackie's. In the meantime, however, Yancey, on April 6, 1987, had sold the automobile to Lena M. Sanders.

Mrs. Sanders had purchased the car with the understanding that it was in need of certain repair work which was to be performed by Jackie's. Subsequent to her acquiring possession of the Cadillac, an employee of Jackie's took the car in for repairs and upon returning it to Sanders informed her that it would have to be taken in again once a part had arrived. On or about June 12, an employee of Jackie's, Jessie Owens, went to Mrs. Sanders' home to obtain the car, explaining that he was taking it in for further repairs. Mrs. Sanders voluntarily entrusted possession of the Cadillac to Owens who thereafter turned the car over to the agent of Humphrey Motors. The car was then taken to Humphrey Motors in Louisiana. When the car was not returned to Mrs. Sanders and she learned that the car had not actually been taken in for repairs, she reported the loss to her automobile insurer, State Farm Fire and Casualty Company (State Farm), as a theft and sought payment under the policy which provided coverage for "theft or larceny." State Farm denied payment of the claim on the basis that the loss was not payable since there had been no theft or larceny of the automobile and further, that the loss was in fact specifically excluded from coverage under the policy.

These events culminated in the filing by Mrs. Sanders of this action against State Farm, Humphreys and Owens seeking recovery of the value of the automobile and additionally demanding punitive damages against State Farm based on her claim that State Farm acted in bad faith in the handling of her claim. The cause is now before the court on cross-motions of Sanders and State Farm for summary judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure. The court, in deciding the motions, has considered the memoranda of authorities together with attachments submitted by these parties.

Plaintiff asserts that the issue to be determined on this motion is whether she or Humphrey owned the Cadillac and had a right to possession on June 12, 1987, the date it was removed by Humphrey Motors to Louisiana. Although this issue has been extensively briefed by the parties, the court finds it unnecessary to resolve that question as a predicate to a decision on the issue of coverage for Mrs. Sanders' loss under the State Farm policy. This is because regardless of the true ownership of the vehicle, Humphrey Motors, as the uncontroverted facts clearly demonstrate, at the time of the taking of the automobile from Sanders, had a colorable claim that it owned the automobile and was entitled to possession. It is beyond dispute that Humphrey Motors retained the certificate of title on the Cadillac and that, at the time the car was retrieved, it had not received payment of the purchase price from Yancey or Jackie's Auto Sales.

A similar situation was presented for consideration to the Fifth Circuit in *Talasek v. Travelers Fire Insurance Company*, 242 F.2d 748 (5th Cir.1957). There, Auto Dealers Auction, Inc. of Kansas City, Missouri had agreed to sell an automobile to Hermansen who acquired possession and in turn sold the car to the plaintiff, Talasek. After Hermansen's draft for the purchase price of the car was dishonored, Auto Dealers, which retained the Missouri certificate of title, without any process picked the car up off the streets where Talasek had parked it. The district court held that

[t]he repossession of the automobile by Auto Dealers Auction, Inc., under the circumstances discussed by this record was not a 'theft, larceny, or pilferage' within the terms of the policy issued by the defendant. Auto Dealers Auction, Inc. was the owner of the automobile and was entitled to its possession, but *in any event, the taking of possession was under bona fide claim of ownership by Auto Dealers Auction, Inc. which was not covered by the policy.*

*Talasek*, 242 F.2d at 749 (emphasis supplied). The Fifth Circuit, affirming the district court, stated as follows:

Whether it was the legal owner or not, and however highhanded and reprehensible may have been its conduct in repossessing the automobile without process, it seems to us too clear to warrant discussion that such conduct of Auto Dealers Auction, Inc. did not amount to "theft, larceny, robbery or pilferage."

*Id.* (citations omitted). This holding is in accord with the observation set forth at 5

J.A. Appleman, *Insurance Law and Practice* § 3211 (1987), that

> [l]oss arising from a taking by a former owner under a claim of ownership has been held not covered under such a policy, nor is the taking by any person acting under an honest belief that he is entitled to its possession, even though he resorts to a trick or device to obtain it.

*See also* 10 G. Couch, *Couch on Insurance 2d* § 42:274 (1982) (no covered loss where taking of automobile is made in bona fide although erroneous belief of ownership or other right to the property). Couch specifically observed that

> there is no theft, robbery or pilferage within the coverage of the policy, where the vehicle was taken by one who—
>
> —believed that he was entitled thereto.
>
> —had been the former owner and took the property under a claim of ownership.

*Id.* This rule has been universally accepted by the courts that have considered the issue. *See, e.g., Young–Peterson Const. Inc. v. Potomac Ins. Co. of D.C.*, 382 F.2d 400 (7th Cir.1967), *cert. denied*, 390 U.S. 921, 88 S.Ct. 854, 19 L.Ed.2d 980 (1968) (taking is not within "loss by theft" coverage where taking is by person acting under belief he is entitled to possession); *Plaza 61 v. North River Ins. Co.*, 446 F.Supp. 1168 (M.D.Pa.), *aff'd*, 588 F.2d 822 (3d Cir. 1978) (where terminated general contractor removed materials from job site in belief, whether or not justified, that it owned them, insurer had good defense to claim since there was clearly no theft); *Reece v. Motors Ins. Corp.*, 116 F.Supp. 394 (W.D. Okla.1953) (taking automobile from another under bona fide claim of ownership is not "theft" within automobile theft policy); *Cincinnati Ins. Co. v. Tire Master of Thomaston, Inc.*, 183 Ga.App. 64, 357 S.E.2d 812 (1987) (taking cannot be considered theft where effected under claim of right); *State Farm Fire & Cas. Co. v. Switzer*, 257 Ark. 810, 520 S.W.2d 245 (1975) (no theft where vehicle taken under claimed right); *Castner v. Insurance Co. of North America*, 40 A.D.2d 1, 337 N.Y.S.2d 52 (1972) (total absence of requisite criminal intent when insured vehicle taken by one claiming ownership or right to use).

The rationale underlying these decisions is clear; the element of intent is completely lacking where one takes what he believes he owns. Though there are no reported decisions of the Louisiana or Mississippi courts addressing this particular issue,[1] the court is of the opinion that the courts of both states would embrace this principle and deny insurance recovery in these circumstances.[2]

It is therefore ordered that the motion of State Farm for summary judgment is granted and that the cross-motion of Mrs. Lena M. Sanders is denied.

ORDERED.

---

1. Because the transactions involved in this case took place in both Mississippi and Louisiana, an issue has arisen regarding which state's law, Mississippi or Louisiana, should apply to various of the issues presented. The court, however, need not resolve that issue for the result would not differ in either case.

2. The court would note that the fact that Jesse Owens rather than Earl Humphrey or an employee of Humphrey Motors actually acquired possession of the vehicle from Mrs. Sanders does not change this result since Owens immediately turned the car over to the agent, Humphrey Motors, the party asserting a bona fide claim of ownership of the vehicle. *See Reece v. Motors Ins. Corp.*, 116 F.Supp. 394 (W.D.Okla. 1973).